122 T.C. No. 15


UNITED STATES TAX COURT



ROBERT EUGENE POINDEXTER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14428-01L.                    Filed March 29, 2004.



        P reported tax on his 1994 and 1996 Federal income
tax returns but did not remit those amounts.  R
assessed those amounts and demanded payment thereof.
After several years of continued nonpayment, R issued
to P a notice of intent to levy.  P timely requested a
hearing pursuant to sec. 6330, I.R.C.  At the hearing,
P asserted that the amounts of tax shown on his 1994
and 1996 returns are incorrect but would not say
whether he believed his correct income to be higher or
lower than the amounts reported.  R subsequently issued
to P a notice of determination upholding the proposed
collection action.  P timely petitioned the Court for
review, and R moved for summary judgment.

        1.  Held:  A taxpayer who reports an amount of tax
on his tax return is not precluded from challenging the
accuracy of that amount at a sec. 6330, I.R.C.,
hearing.  Montgomery v. Commissioner, 122 T.C. 1
(2004), followed.

2. Held, further, summary judgment is appropriate since P has averred no facts sufficient to show error in the taxes assessed on the basis of his 1994 and 1996 returns or otherwise with respect to the notice of determination.

Elizabeth A. Maresca and Katherine Scovin (specially recognized), for petitioner.

Peggy Gartenbaum, for respondent.

OPINION

HALPERN, Judge: This case is before the Court to review a determination made by one of respondent's Appeals officers (the determination) that respondent may proceed to collect by levy unpaid income taxes assessed by respondent against petitioner for 1994 and 1996 (the assessments). We review such determinations pursuant to section 6330(d)(1).[1] Petitioner has assigned error to the determination, and, as we understand that assignment, it is principally that, in making the determination, the Appeals officer failed to consider the accuracy of the assessments, which petitioner claims do not reflect his true income tax liabilities for the years in question. Respondent denies that the Appeals officer erred, and he moves for a summary disposition in his favor (the motion), that the determination be sustained, on the

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

following grounds: (1) Since petitioner reported the unpaid taxes on returns he made, the Appeals officer properly refused to consider the accuracy of the assessments; (2) even if the Appeals officer erred in refusing to consider the accuracy of the assessments, petitioner has failed to aver facts sufficient to show error in the assessments; and (3) petitioner has failed to aver facts showing any other error in the determination.

Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). We are satisfied that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. For the reasons that follow, we shall grant the motion on the basis of respondent's second and third grounds and enter an appropriate order and decision in respondent's favor.

## Background

The following facts are gathered from the pleadings, the parties' trial memoranda, the motion and declaration of Peggy Gartenbaum, one of respondent's counsel, submitted in support of the motion, petitioner's opposition to the motion, and other

items constituting the record.  There appears to be no disagreement as to the following facts.

Petitioner filed his 1994 Federal income tax return (the 1994 return) on April 16, 1997, reporting tax of $2,084, no withholding or estimated tax payments, and an estimated tax penalty of $107.  Petitioner did not remit any amount with the 1994 return.  On May 19, 1997, respondent assessed the tax liability shown on the 1994 return and issued to petitioner a notice and demand for payment with respect thereto.

Petitioner filed his 1996 Federal income tax return (the 1996 return) on April 15, 1997, reporting tax of $66,874, no withholding or estimated tax payments, and an estimated tax penalty of $270.  Petitioner did not remit any amount with the 1996 return.  On June 2, 1997, respondent assessed the tax liability shown on the 1996 return and issued to petitioner a notice and demand for payment with respect thereto.

Petitioner did not make the payments demanded, and, on January 23, 2001, respondent notified petitioner of his intent to levy with respect to petitioner's unpaid tax liabilities for 1994 and 1996.  In response, petitioner timely submitted to respondent Form 12153, Request for a Collection Due Process Hearing.  In the request, petitioner, a songwriter, stated his belief that the taxes shown on the 1994 and 1996 returns (together, the returns) are incorrect.  He explained that he was in a dispute with

- 5 -

certain record companies over royalties due him in connection with songs he had written.  He asked the assistance of the Internal Revenue Service (IRS) to subpoena information from the record companies so that he could make proper returns.[2]  Other than asking for such assistance, he did not propose any alternatives to collection.

On November 15, 2001, an Appeals officer held the hearing petitioner had requested.  At the hearing, petitioner stated that he had filed the returns so as not to get into trouble and that he had not paid the taxes shown because he did not believe the amounts to be correct.  He would not say whether he believed his correct income to be higher or lower than the amounts reported.  Although the Appeals officer concluded on the basis of section 6330(c)(2)(B) that petitioner's underlying tax liabilities were not properly at issue, he advised petitioner that he could file amended returns adjusting the tax shown on the returns.  Petitioner declined to do so.[3]

As required by section 6330(c)(1), the Appeals officer verified that the requirements of applicable laws and

---

[2]  Both at and before the hearing petitioner requested, petitioner was advised that the IRS had no authority to intervene in his dispute with the record companies by subpoenaing information from them for him.

[3]  Subsequently, petitioner was provided with blank Forms 1040X, Amended U.S. Individual Income Tax Return, along with the accompanying instructions, for his use should he change his mind (apparently, he has not done so).

administrative procedures had been met.  He also made the determination required by section 6330(c)(3)(C) that the proposed collection action (levy) balanced the need for efficient collection of taxes with petitioner's legitimate concerns that any collection action be no more intrusive than necessary.  On December 5, 2001, a manager in the Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (i.e., the determination), sustaining the proposed collection action.

In the petition, petitioner states his disagreement with the assessments, claiming that they are inaccurate because of (1) false and fraudulent information stated on the returns, (2) errors in the assessment procedures, (3) reliance on incorrect written advice from the IRS, (4) error and failure of the IRS in following its own procedures and advice, (5) improper execution of levies, and (6) erroneous and inconsistent tax information contained in the determination.

## Discussion

### I.  Overview of Section 6330

Section 6330 entitles a taxpayer to notice of the taxpayer's right to request a hearing before certain lien and levy actions are taken by the Commissioner in furtherance of the collection from the taxpayer of unpaid Federal taxes.  If a hearing is requested, the Appeals officer conducting the hearing must verify

that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). The taxpayer requesting the hearing may raise "any relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c)(2)(A). The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). Following the hearing, the Appeals officer must determine whether the collection action is to proceed, taking into account the verification the Appeals officer has made, the issues raised by the taxpayer at the hearing, and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the * * * [taxpayer] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). We have jurisdiction to review such determinations where we have jurisdiction of the underlying tax liability. Sec. 6330(d)(1)(A).

II. <u>Section 6330(c)(2)(B) Is Not Limited to Taxpayer Challenges to Liabilities Asserted by the Commissioner That Differ in Amount From Taxpayer-Determined Liabilities</u>

Respondent's first ground for summary judgment is that, since petitioner reported the unpaid taxes on returns he made, the Appeals officer properly refused to consider the accuracy of the assessments. Although respondent concedes that petitioner

neither received a statutory notice of deficiency for 1994 or 1996 nor otherwise had an opportunity to dispute his liabilities as assessed for those years, respondent argues that section 6330(c)(2)(B) allows a taxpayer to challenge the underlying tax liability only when the taxpayer is challenging a liability asserted by the Commissioner that differs in amount from the taxpayer's self-determined liability (i.e., the amount set forth on a return the taxpayer made). In Montgomery v. Commissioner, 122 T.C. 1 (2004), we rejected exactly that argument, and that case governs here. We therefore reject respondent's first ground for summary judgment.

III.  Petitioner Has Failed To Aver Facts Sufficient To Show Error in the Assessments

Respondent's second ground for summary judgment is that, even if the Appeals officer erred in refusing to consider the accuracy of the assessments, petitioner has failed to aver facts sufficient to show error in the assessments. We have set forth the gist of petitioner's averments under the heading Background, above, and we agree with respondent that petitioner has failed to raise a justiciable issue.

Rule 331 addresses the commencement of a levy action under section 6330(d). Such an action is commenced by the filing of a petition, Rule 331(a), and Rule 331(b) specifies the content of the petition. Rule 331(b)(4) and (5) requires the petition to contain:

(4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed in the notice of determination.  * * *

(5) Clear and concise lettered statements of the facts on which the petitioner bases each assignment of error.

Pursuant to section 6330(c)(2)(B), petitioner was entitled to challenge at his Appeals Office hearing the existence or amount of the underlying tax liabilities for 1994 and 1996 giving rise to the assessments.  If the validity of those underlying tax liabilities is properly at issue, we review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000).  For the validity of those underlying tax liabilities to be properly at issue, however, petitioner must comply with Rule 331.  His pleading must contain a sufficient specificity of facts so that the Court can conduct a meaningful hearing to determine whether respondent can proceed with the collection of those liabilities.  Petitioner's averments make clear that he disagrees with his income tax liabilities as shown on the returns.  However, other than claiming that the returns contain false and fraudulent information and may be based on incorrect written advice from the IRS, petitioner fails to specify the basis of his disagreement; i.e., he fails to identify the items of income, deduction, or credit, or the computations, that are incorrect.  Without such specificity, how could respondent possibly mount a defense, and what precisely is it that the Court is to decide?

Apparently, the root of petitioner's disagreement with the returns is his dispute with certain record companies over royalties.  Petitioner has tried to involve respondent in that dispute by asking respondent to subpoena information from the record companies so that he could make what he believes would be more accurate returns.  Respondent claims that neither section 6330 nor any other provision of the Internal Revenue Code authorizes the IRS to aid petitioner as he has requested and there is no evidence that Congress intended taxpayers to use section 6330 to redress grievances against third parties. Respondent further claims that petitioner presented no evidence of the proper amount of royalties due him, nor any evidence supporting his claim that the record companies violated his copyrights or that he even has copyrights to any songs. Petitioner, in his opposition to the motion, does not contradict any of those assertions.

Petitioner may well have a dispute with the record companies, and the returns may or may not be accurate, but petitioner has placed nothing before us regarding the underlying liabilities that we can properly adjudicate.  Like the taxpayers in Horn v. Commissioner, T.C. Memo. 2002-207, and Smith v. Commissioner, T.C. Memo. 2002-59, whose efforts to dispute their "self-assessed" liabilities we rejected, petitioner was not prepared to allege and prove the facts showing his returns were

incorrect.  See also <u>Montgomery v. Commissioner</u>, <u>supra</u> at 19 (Marvel, J., concurring).  We conclude that respondent's second ground (together with his third ground, discussed next) justifies summary judgment.

IV. <u>Petitioner Has Failed To Aver Facts Showing Any Other Error in the Determination</u>

Although petitioner avers errors in the assessment procedures and in other procedures, and improper execution of levies, he sets forth no factual basis for those claims.  Indeed, respondent has yet to make any levies with respect to the assessments.  Except as we have discussed with respect to the Appeals officer's refusal to consider the accuracy of the assessments, we see no error in the determination.

V. <u>Conclusion</u>

Petitioner has failed to put before us grounds on which we could find that the Appeals officer erred in the determination. On that basis, respondent is entitled to summary disposition in his favor.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.