T.C. Summary Opinion 2005-8


UNITED STATES TAX COURT



JOHN A. SEAVEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14217-03S.            Filed January 13, 2005.


John A. Seavey, pro se.

Carina J. Campobasso, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of sections 6330(d) and 7463 of the Internal Revenue Code in effect at the time that the petition was filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as in effect during the years at issue. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sent to petitioner. Pursuant to sections 6320(c) and 6330(d), petitioner seeks review of respondent's determination to proceed with collection of his income tax liabilities of $7,154.21 for 1992, $439.61 for 1998, and $135.51 for 2000. The issue for decision is whether the settlement officer abused her discretion in sustaining, as an appropriate collection measure, the filing of a Notice of Federal Tax Lien on petitioner's property and rights to property.

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Southwest Harbour, Maine, at the time the petition was filed.

## Background

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, dated April 19, 1997, for 1992 reflecting a tax liability of $3,608. In June 1997, respondent assessed additions to tax for late filing and failure to pay tax of $811.80 and $902, respectively. Including interest, petitioner's outstanding tax liability for 1992 is $7,154.21 as of the date of the filing of the Notice of Federal Tax Lien. As interest is still accruing,

the amount due has increased. Petitioner has not made any payments toward his liability for 1992.

Petitioner timely filed a Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, for 1998 reflecting a tax of $2,141 with a balance due of $435.71. Respondent credited petitioner's 1998 tax account for Federal tax withholdings and excess FICA of $1,705.29 on April 15, 1999.

In May 1999, respondent assessed an addition to tax for failure to pay tax of $2.18. Including interest, petitioner's outstanding tax liability for 1998 is $439.61 at the time of filing of the Notice of Federal Tax Lien. Petitioner has not made any other payments toward his liability for 1998.

Petitioner timely filed a Form 1040A, U.S. Individual Income Tax Return, for 2000 reflecting a tax of $2,389 with a balance due of $414. Respondent credited petitioner's 2000 tax account for Federal tax withholdings and excess FICA of $1,975 on April 15, 2001. Respondent also credited $300 to petitioner's account for the Immediate Tax Relief Credit on August 20, 2001. Including interest, petitioner's outstanding tax liability for 2000 is $135.51 at time of filing of the Notice of Federal Tax Lien. Petitioner has not made any other payments toward his liability for 2000.

Respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for 1992, 1998,

and 2000, reflecting a balance due of $7,729.33. Petitioner replied by returning to respondent a Form 12153, Request for a Collection Due Process Hearing.

1. Petitioner's Hearing

In his request for a hearing, petitioner alleged that he had attempted unsuccessfully to enter into a payment agreement to satisfy his outstanding liability. The Appeals Office sent him Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, to ascertain the feasibility of collection alternatives. Petitioner submitted some financial information, and Settlement Officer Jean Frazier (Ms. Frazier) held a telephone conference with petitioner.

During the conference, petitioner informed Ms. Frazier that he wanted to submit an offer in compromise. Ms. Frazier provided petitioner with Form 656, Offer in Compromise (OIC), and requested some additional information and documentation as well as an estimated tax payment. Petitioner provided the information and documentation requested but failed to sign the OIC and did not submit an estimated tax payment. Ms. Frazier nevertheless reviewed the information petitioner provided and concluded that he had the ability to pay his tax liability in full.

At this point, petitioner began to dispute the underlying tax liability. Ms. Frazier explained to petitioner that the tax liability was based on returns petitioner had filed. She gave

petitioner transcripts of his tax accounts.  These transcripts reflected the tax liabilities petitioner reported on his returns, plus additions to tax, interest, and collection costs.  The parties were unable to resolve the matter, and Ms. Frazier issued a notice of determination sustaining respondent's Notice of Federal Tax Lien as the appropriate means of collecting petitioner's unpaid liabilities for 1992, 1998, and 2000.

2.   The Petition

The petition petitioner filed with this Court covered tax years 1990, 1992, 1998, 2000, 2001, and 2002.  Because the notice of determination addressed only 1992, 1998, and 2000, respondent's motion to dismiss for lack of jurisdiction and to strike as to the remaining years was granted.

In his petition, petitioner states:

I dispute the amounts I am being billed for.  Some
years are correct, others the IRS claim [sic] to be
self-reported income taxes but which start out with a
balance due of $7,159.21.  This has yet to be verified
but accrues interest and penalties.

During certain years I was financially eligible for an
offer in compromise but could not get my case reviewed.
I disagree with the determination.

## Discussion

Section 6320 entitles a taxpayer to notice of the taxpayer's right to request a hearing after a notice of lien is filed by the Commissioner in furtherance of the collection from the taxpayer of unpaid Federal taxes.  The taxpayer requesting the hearing may

raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Secs. 6320(b), (c); 6330(c); see Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000).

The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

Pursuant to sections 6320(c) and 6330(c)(2)(B), petitioner was entitled to challenge the existence or amount of the underlying tax liabilities for 1992, 1998, and 2000 at his Appeals Office hearing. If the validity of those underlying tax liabilities is properly at issue, the Court reviews the matter de novo. Poindexter v. Commissioner, 122 T.C. 280, 284 (2004); Sego v. Commissioner, supra at 610.

Petitioner has failed to aver or prove facts sufficient to show error in the assessments. Indeed, petitioner testified that he does not disagree with the amount of tax respondent determined he owes. He disputes the "fines and penalties" assessed on the outstanding tax liabilities.

Section 6651(a)(1) imposes an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing previously granted. The addition to tax equals 5 percent for each month that the return is late, not to exceed 25 percent.  Sec. 6651(a)(1).

Section 6651(a)(2) provides for an addition to tax for failure to pay taxes shown on a return on or before the payment due date.  The addition to tax is one-half percent of the amount shown as tax on a return for each month or fraction thereof during which the failure to pay continues, not exceeding 25 percent in the aggregate.  Sec. 6651(a)(2).

The additions to tax under section 6651(a)(1) and (2) do not apply, however, if the failure is due to reasonable cause and not due to willful neglect.  United States v. Boyle, 469 U.S. 241, 245 (1985); Jackson v. Commissioner, 864 F.2d 1521, 1527 (10th Cir. 1989), affg. 86 T.C. 492 (1986); Crocker v. Commissioner, 92 T.C. 899, 912 (1989).  "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence.  United States v. Boyle, supra at 246.  "Willful neglect" is defined as a "conscious, intentional failure or reckless indifference."  Id. at 245.

Petitioner agrees that his return for 1992 was not filed timely and that he has not fully paid his tax liabilities shown as due on the returns for the 3 subject years.  Petitioner has

not produced any evidence that he had reasonable cause or a lack of willful neglect in failing to timely file his 1992 return and failing to pay the taxes shown on his 1992, 1998, and 2000 returns.

Petitioner has not alleged or proven that the settlement officer abused her discretion in finding that he had the ability to pay his tax liabilities in full.  Because petitioner has failed to present grounds on which this Court could find that the settlement officer abused her discretion in sustaining the Notice of Federal Tax Lien on petitioner's property, the Court sustains respondent's administrative determination to proceed with collection against petitioner.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

A decision will be entered for respondent.