T.C. Summary Opinion 2005-40

UNITED STATES TAX COURT

JOHN B. ROBERTS, JR., AND JEAN ROBERTS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3049-03S.                    Filed April 13, 2005.

John B. Roberts, Jr., and Jean Roberts, pro se.

<u>Nancy E. Hooten</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>: This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority. Petitioners
seek a review under section 6330(d) of respondent's decision to

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the years at
issue.

proceed with collection of petitioners' joint Federal income tax liabilities for the 1988, 1992, 1993, and 1997 tax years.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof. Petitioners' legal residence at the time the petition was filed was Ranger, Georgia.

Petitioners previously lived and worked in Florida. Mr. Roberts was a carpenter who worked generally as a handyman, and Mrs. Roberts worked as a retail clerk.

Even though this case involved petitioners' 1988, 1992, 1993, and 1997 tax years, petitioners had tax deficiencies for several prior years. In 1990, petitioners filed a chapter 7 bankruptcy petition in which they listed total assets of $3,150 and liabilities of $1,896,695.60. The liabilities included $14,533 in taxes owed to the United States; however, the tax years for which the taxes were due were not indicated. The record shows, however, that the deficiencies were from the taxable years 1972, 1977, 1978, 1985, and 1986, but collection of the deficiencies for the years 1972, 1977, and 1978 was barred under the 10-year statute of limitations. The record is not clear as to whether petitioners received a discharge in bankruptcy; however, both parties stipulated that, sometime during 1990, petitioners' bankruptcy proceeding was "no longer pending".

With respect to the years at issue in this case, petitioners filed Federal income tax returns in which all or a portion of the taxes shown on the returns was not paid. Petitioners were assessed the taxes shown on their returns. No notice of deficiency was ever issued to petitioners for any of the years included in this petition, but petitioners are not challenging the underlying deficiencies. Instead, petitioners claim that their tax liabilities for the taxable years 1992, 1993, and 1997 have been fully satisfied by intermittent payments made throughout 1996 and 1997 and the application of overpayment credits from the years 1996 to 2000 and 2002. Petitioners also contend that their tax liability for the taxable year 1988 was fully satisfied during the 1990 bankruptcy through the collection by respondent of a second mortgage held by petitioner husband.

Petitioners' bankruptcy petition reflects the assignment of the second mortgage to the IRS to satisfy tax deficiencies for several preceding years, and petitioners claim the deficiencies satisfied by the assignment included 1988. Petitioner husband testified he intended all payments made throughout 1996 and 1997 to be applied against the 1992 deficiency because the 1988 deficiency was satisfied by the assignment; however, respondent applied them to both the 1988 and the 1992 deficiencies. Respondent does not dispute the receipt of periodic payments from petitioners but contends that the mortgage satisfaction did not

apply to the 1988 deficiency; therefore, the sole issue for decision is whether the collection by respondent of the second mortgage should have been applied to petitioners' 1988 tax liability.

On February 27, 2001, respondent notified petitioners of an intent to levy with respect to petitioners' unpaid tax liabilities for 1988, 1992, 1993, and 1997. The notice listed the following amounts due:

| Year | Amount |
|------|--------|
| 1988 | $6,824.33 |
| 1992 | 548.28 |
| 1993 | 2,701.54 |
| 1997 | 2,178.67 |

Petitioners filed a timely Form 12153, Request for a Collection Due Process Hearing. In their request, petitioners stated their belief that the tax liabilities for the subject years had been overpaid and "over the past nine years concerning these matters" they had "never had a hearing concerning moneys paid [the IRS] in excess of what I owed." Petitioners thereafter received a letter from an Appeals officer that included transcripts of petitioners' accounts showing assessments and payments made. Petitioners were also asked to provide documentation, such as canceled checks, to show payments not applied to their accounts. Petitioners were also asked to provide financial information regarding possible collection

alternatives. Petitioners were thereafter accorded an Appeals hearing by telephone. In that hearing, petitioners took the position that the IRS had applied the proceeds of the mortgage indebtedness identified in petitioners' bankruptcy petition to the 1988 deficiency, and that application, combined with the periodic payments and applied overpayments, should have resulted in an overpayment of petitioners' tax liabilities for all the years in question.

A notice of determination was issued to petitioners in January 2003 concluding "the information provided does not warrant the abatement of any part of the tax liabilities." With respect to the possibility of collection alternatives, the notice of determination stated that such relief was not available because petitioners had not filed an income tax return for the year 2001, nor were petitioners "making any estimated payments". Petitioners filed a timely petition in this Court appealing the Appeals Office determination.

The Court must decide whether petitioners are entitled to any relief from the Appeals Office determination. Where the underlying tax liability is properly at issue in the hearing, we review that issue on a de novo basis. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). However, where the underlying tax liability is not at issue, as in this case, this Court reviews the determination to see whether there has been an abuse of discretion. Sego v. Commissioner, 114 T.C. 604 (2000). An abuse

of discretion by respondent is defined as any action that is unreasonable, arbitrary or capricious, clearly unlawful, or lacking sound basis in law, taking into account all the facts and circumstances. See, e.g., Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 532-533 (1979); Swanson v. Commissioner, 121 T.C. 111, 119 (2003).

During the telephone conference call with the Appeals officer, petitioner husband did not dispute the underlying deficiency but raised the misapplied payment issue. On January 5, 1990, shortly after receipt of Form 668, Notice of Federal Tax Lien, petitioners had filed for bankruptcy. Petitioner husband testified he and his wife filed for bankruptcy on the advice of Revenue Agent Robert Spivey, whom they had been meeting in connection with their liabilities. In their bankruptcy petition, petitioners included the IRS as a creditor. As previously stated, petitioners owed the IRS a total of $14,533 arising from tax deficiencies for the taxable years 1972, 1977, 1978, 1985, and 1986, but the IRS could collect only on the deficiencies from 1985 and 1986.

As noted earlier, in their bankruptcy proceeding, petitioners listed a second mortgage held by them that had been "attached" by the IRS. The mortgage had a value of $15,000, and, upon the advice of Mr. Spivey, petitioners assigned the mortgage to the IRS for collection. At one of their meetings, petitioner husband testified Mr. Spivey assisted him in preparing his tax

return and determined petitioners would owe the IRS additional moneys.[2]  Mr. Spivey then advised petitioners that $10,000 was realized from the collection of the mortgage held by petitioners and that all of their tax liabilities, including those from 1988, had been paid.

These contentions of petitioner husband are not reflected in the transcripts of petitioners' tax accounts with the IRS. Although copies of the mortgage deed and the satisfaction of mortgage document were admitted into evidence, no additional evidence was admitted to substantiate petitioners' contention that proceeds from this mortgage were applied to the 1988 liability.  Petitioners presented no additional documentation to support this claim.  Mr. Spivey was no longer employed by the IRS, and petitioner husband claimed he was unable to locate him for assistance at the hearing with the Appeals officer.

The appeals record shows petitioners called numerous times inquiring about Mr. Spivey's whereabouts and subsequently requested that the Appeals officer locate and question him.  The Appeals officer declined to do so and informed petitioners that locating Mr. Spivey and verifying former payments was

---

[2]Petitioners do not allege the revenue officer prepared a substitute return, just that he aided in petitioners' preparation.  Petitioners filed their 1988 joint income tax return on Jan. 16, 1990, 11 days after filing for bankruptcy.

petitioners' responsibility.[3] During the telephone conference, petitioners requested a delay in discussions on a payment schedule or any further collection alternatives until the issue of misapplied payments was resolved and an exact balance determined.

The Appeals officer later discovered petitioners did not file their 2001 Federal income tax return, and she immediately issued a notice of determination stating that petitioners did "not qualify for collection alternatives such as Offer in Compromise or Installment Agreement since you are not in compliance due to your not filing your tax return for the year 2001 and not making any estimated payments."

Although petitioners claim their 1988 tax liability should have been satisfied in 1990, at the trial of this case, they did not present conclusive evidence or testimony substantiating this claim. Petitioners did not subpoena the mortgagee, John Donnelly, with respect to collection of the mortgage by the IRS and did not subpoena Revenue Officer Spivey to confirm the veracity of their claim.

The Appeals officer could have easily investigated the matter; however, this Court has previously held that, even if the Appeals officer erred in failing to consider the accuracy of the

---

[3]Sec. 6330 does not afford the taxpayer the right to have a witness subpoenaed for the Appeals hearing. Therefore, the Appeals officer had no duty to subpoena Mr. Spivey. Davis v. Commissioner, 115 T.C. 35, 41-42 (2000).

assessments, unless the taxpayer avers facts sufficient to prove the error, the Appeals officer's determination may still be upheld. Poindexter v. Commissioner, 122 T.C. 280 (2004). Additionally, the Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, which was attached to the Certificate of Official Record and admitted into evidence, shows no evidence of payments that would support petitioners' claim. This Court and other courts have held numerous times that a Form 4340 "provides at least presumptive evidence that a tax has been validly assessed under section 6203". Davis v. Commissioner, 115 T.C. 35, 40 (2000); see also Roberts v. Commissioner, 329 F.3d 1224 (11 Cir. 2003), affg. 118 T.C. 365 (2002). Therefore, it is not an abuse of discretion for Appeals to rely on a Form 4340 in this case for the purpose of complying with section 6330(c)(1). Davis v. Commissioner, supra at 41.

Petitioners received an appropriate hearing for purposes of section 6330(b)(1). Day v. Commissioner, T.C. Memo. 2004-30; Leineweber v. Commissioner, T.C. Memo. 2004-17; sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Respondent properly verified that the requirements of applicable law and administrative procedures were met and balanced the need for efficient collection of taxes with the legitimate concern of petitioners that the collection action be no more intrusive than necessary. On this record, the Court holds that there was no

abuse of discretion in sustaining the notice of intent to levy. Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>