T.C. Memo. 2005-122

UNITED STATES TAX COURT

ROBERT EUGENE POINDEXTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8756-03.                    Filed May 25, 2005.

Robert Eugene Poindexter, pro se.

<u>Marie Small</u>, for respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's income tax of $2,286 for the taxable year 2000 and
additions to tax pursuant to section 6651(a)(1) and (2) of
$514.35 and $217.17, respectively, and pursuant to section

6654(a) of $122.93.[1]   After a concession,[2] the sole issue remaining before the Court is petitioner's claim that the notice of deficiency for the taxable year 2000 received from respondent is invalid because of the inclusion of royalty income from Warner Chappell Music, Inc. (Warner Chappell).  Petitioner asserts that the Form 1099-MISC from Warner Chappell is invalid because he was not paid the full royalties owed in the year at issue and for prior years by Warner Chappell.  Petitioner makes this argument despite having stipulated that he is required under section 61 to include in his gross income, royalties of $16,113 paid to him by Warner Chappell in 2000.  We hold that the notice of deficiency issued to petitioner for the 2000 tax year is valid because petitioner has not offered a basis to find error in respondent's determinations nor any evidence of error.

## Background

The pertinent facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]By answer, respondent conceded the sec. 6651(a)(2) addition to tax.  Respondent alleges that on account of this concession of the addition to tax under sec. 6651(a)(2), the addition to tax under sec. 6651(a)(1) should be increased in the amount of .05 percent per month for the first 5 months ($57.15) for a total addition to tax under sec. 6651(a)(1) of $571.50.  See sec. 6651(c)(1).

incorporated herein by this reference. In addition, petitioner offered oral testimony and other separate exhibits which are irrelevant to the question of whether respondent's determinations should be sustained.

At the time the petition was filed, petitioner resided in Jamaica, New York.

Petitioner failed to file a Federal income tax return for the tax year 2000. As a result, respondent issued to petitioner the notice of deficiency for the tax year 2000 upon which this case is based. Nevertheless, the parties have stipulated that petitioner was required to report gross income for the year 2000, under section 61, in the form of royalties from the sources and in the amounts that follow:

| Source | Amount |
| --- | --- |
| Broadcast Music, Inc. | $3,385 |
| Warner Music Group | 2,219 |
| Thump Records, Inc. | 407 |
| Warner Chappell, Inc. | 16,113 |

In addition, the parties have stipulated that the additions to tax under sections 6651(a)(1) and 6654(a) are applicable to petitioner's 2000 tax liability.

Petitioner believes that the Form 1099 he received from Warner Chappell for the year 2000 is false and fraudulent and that he should have received royalties in excess of the $16,113

he was paid by Warner Chappell for that year.  Nonetheless, he stipulates that he did receive the $16,113.

### Discussion

Petitioner's position in this case is based upon the erroneous impression that he should not have to pay income tax on his 2000 royalty income until respondent forces Warner Chappell to admit petitioner is owed additional royalties for that year or at least until respondent investigates Warner Chappell. Petitioner is misinformed as to respondent's obligation and as to the authority of this Court.  As the Court attempted to explain to petitioner at trial, this case is solely about determining his correct tax liability for the year 2000 since the additions to tax have been resolved.  Petitioner's claim for increased royalties from Warner Chappell has no bearing on the matters before this Court.  As in a prior case before this Court, petitioner has not offered any evidence on the matter that we can properly adjudicate.  See Poindexter v. Commissioner, 122 T.C. 280 (2004).

Accordingly, with the exception of respondent's concession of the addition to tax under section 6651(a)(2), respondent's position is sustained, and

An appropriate decision will
be entered.