T.C. Summary Opinion 2005-79


UNITED STATES TAX COURT


RAYMOND GORI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5985-04S.                    Filed June 8, 2005.


Raymond Gori, pro se.

<u>Anita A. Gill</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

Petitioner seeks review under section 6330(d) of respondent's determination sustaining a proposed levy for the collection of his 1998 tax liability in the amount of $18,868.98.[2] The issue is whether petitioner's case should be remanded to Appeals for a face-to-face collection due process hearing. At the time he filed the petition, petitioner was a resident of Norton, Ohio.

## Background

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1998 reporting a tax liability due. Petitioner did not pay the amount he reported due. After receiving respondent's Notice of Intent to Levy and Notice of Your Right to a Hearing, petitioner filed a Form 12153, Request for a Collection Due Process Hearing.

In his Form 12153, petitioner asserted he was not liable for the tax due and made arguments that are considered frivolous and irrelevant by the Internal Revenue Service and this Court.[3]

---

[2]   This is the amount of the liability as of Oct. 23, 2003. The record is not clear as to how this amount breaks down into the original amount due reported on petitioner's 1998 return and any additions to tax that have since accrued.

[3]   The record is not clear as to the exact arguments that were made by petitioner in his collection due process hearing request. It appears from an attachment to his petition that petitioner asserts arguments challenging the constitutional validity of his tax liability and the authority of the Internal Revenue Service. These arguments have universally been rejected as frivolous and warrant no further comment. "We perceive no
(continued...)

Petitioner was informed that unless he had other issues to raise, the Appeals officer would not meet with him for a face-to-face hearing. The Appeals officer then tried to schedule a telephone hearing with petitioner twice, one for November 24, 2003, and the other for December 5, 2003. Petitioner notified the Appeals officer in writing that he refused to participate in a telephone hearing.

Petitioner then requested a hearing through correspondence, and provided the Appeals officer with some additional documentation. Petitioner did not raise any spousal defenses, offer any other challenges to the collection action, or suggest any collection alternatives. After reviewing all information that was submitted by petitioner, on February 9, 2004, the Appeals officer issued a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 that stated that the Internal Revenue Service has complied with Code and procedural requirements, that no relief would be granted, and the proposed levy was sustained. Petitioner then timely filed a petition with this Court.

The only issue petitioner asserts is that he is entitled to a face-to-face collection due process hearing. Respondent argues

---

3(...continued)
need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

that a proper collection due process hearing was held through correspondence. Respondent further contends that petitioner failed to raise any other issues regarding the collection of the tax liability and that the proposed levy should be allowed to proceed. This case was submitted on this basis.

## Discussion

1. Section 6330

Section 6330 entitles a taxpayer to notice and the opportunity for a hearing before the process of collection by lien and levy are taken. Upon request, a taxpayer is entitled to a fair hearing before an impartial officer from the Internal Revenue Service Office of Appeals. Sec. 6330(b)(1), (3). At the hearing, the Appeals officer is required to verify that the requirements of any applicable law or administrative procedure have been met, and to consider any relevant issue relating to the unpaid tax or proposed levy raised by the taxpayer. Sec. 6330(c)(1) and (2)(A).

A taxpayer may generally raise any relevant issue relating to his or her unpaid tax liability or proposed levy during the hearing. Relevant issues include an appropriate spousal defense, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2)(A). The taxpayer cannot raise issues relating to the underlying tax liability if the taxpayer received a notice of deficiency or

otherwise had an opportunity to dispute the liability. Sec. 6330(c)(2)(B).

Following the hearing, the Appeals officer must determine whether the collection action is to proceed, taking into account the verification the Appeals officer has made, the issues raised by the taxpayer at the hearing, and "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the * * * [taxpayer] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3). We have jurisdiction to review such determinations where we have jurisdiction of the underlying tax liability. Sec. 6330(d)(1)(A).

Where the validity of the underlying tax liability is not at issue, we review the determination for an abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Where the validity of the underlying tax liability is properly at issue, we review de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The tax liability due in this case is one petitioner self-assessed and reported on his 1998 income tax return. Section 6330(c)(2)(B) permits taxpayers to challenge the existence or the amount of a tax liability reported on an original income tax return because they have not received a notice of deficiency or otherwise had an opportunity to dispute the tax liability in question. Montgomery v. Commissioner, 122

T.C. 1, 8-9 (2004).  Because the tax liability due is one petitioner reported due on his return, he did not receive a notice of deficiency or otherwise have an opportunity to dispute the 1998 tax liability.

For the validity of the 1998 underlying tax liability to be properly at issue, petitioner must comply with Rule 331.  His pleading must contain a sufficient specificity of facts so that the Court can conduct a meaningful hearing to determine whether respondent can proceed with collection.  Petitioner has failed to comply with Rule 331.  He has not identified items of income, deduction, or credit, or the computations that are incorrect.  Poindexter v. Commissioner, 122 T.C. 280, 285 (2004).

Petitioner was told repeatedly by the Appeals officer that the arguments raised in his request for a hearing were considered irrelevant and frivolous by the Internal Revenue Service and this Court.  Petitioner insisted in pursuing these arguments and failed to assert any other issues, such as the ones listed in section 6330(c)(2)(A).  In particular, petitioner never made an offer of an alternative means of collection during the Appeals process.  We therefore find that petitioner has raised no issue that would warrant a remand to the Appeals Office for another hearing.  See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001); Kemper v. Commissioner, T.C. Memo. 2003-195.

2.  The Appeals Hearing

Even though petitioner's hearing took place through correspondence, as he requested, he asserts that he is entitled to a face-to-face hearing he originally requested. A face-to-face meeting is not invariably required. Hearings conducted under section 6330 are informal proceedings, not formal adjudications. Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000). Hearings may be held as face-to-face meetings, and they may also be conducted by telephone or by correspondence. Katz v. Commissioner, supra at 337-338; Dorra v. Commissioner, T.C. Memo. 2004-16; sec. 301.6330-1(d)(2), Q&A-D6, -D7, Proced. & Admin. Regs.

In light of petitioner's specious arguments, a face-to-face hearing in this case would not be productive. See Lunsford v. Commissioner, supra at 189; Kemper v. Commissioner, supra. The Appeals officer was willing to have a face-to-face hearing if petitioner had raised any meaningful issue regarding his tax liability or the proposed levy. Furthermore, petitioner was also given the opportunity to discuss the collection of his 1998 tax liability in two scheduled telephone hearings, and he simply declined to do so. He again failed to raise any meaningful issue, explain his position, or offer an alternative means of collection when he was given the opportunity to do so by

respondent's counsel and by this Court.[4]  In sum, respondent may proceed with the sustained levy.

3.  Section 6673 Penalty

Taxpayers invoking frivolous and groundless claims and instituting proceedings under section 6330(d) for the purpose of delay are subject to penalties.  Sec. 6673(a)(1).  A position is frivolous where it is "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Gilligan v. Commissioner, T.C. Memo. 2004-194.  We have imposed section 6673 penalties in levy review cases where the taxpayer has raised irrelevant and frivolous arguments as to the validity of the Federal income tax system.  See Hamzik v. Commissioner, T.C. Memo. 2004-223; Gilligan v. Commissioner, supra.  Petitioner is hereby warned.  Should he insist on further asserting frivolous and irrelevant arguments, or instituting court proceedings for the purpose of delaying collection, penalties will be imposed.

---

[4]  We also note that assuming that the Appeals officer did err in refusing to meet with petitioner in a face-to-face hearing, according to the rule of prejudicial error (or the doctrine of harmless error), as applied to an administrative action, the reviewing court shall disregard procedural errors unless the complaining party was prejudiced thereby.  Keene v. Commissioner, 121 T.C. 8, 21 (2003) (Halpern, J., concurring). Petitioner has not presented any evidence that he was so prejudiced by the Appeals officer's refusal to hear frivolous and irrelevant arguments in person.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.