T.C. Memo. 2007-27


UNITED STATES TAX COURT


A-Z OPTICS, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18932-05L.          Filed February 6, 2007.


<u>Kenneth D. Perkins</u>, for petitioner.

<u>Russell F. Kurdys</u>, for respondent.


MEMORANDUM OPINION


THORNTON, <u>Judge</u>:  Pursuant to section 6330, petitioner seeks review of a proposed levy.[1]  Respondent has moved for summary

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

judgment pursuant to Rule 121.  For the reasons discussed herein, we shall grant respondent's motion.

Background

Petitioner is a corporation with principal place of business in Masontown, Pennsylvania.  On April 29, 2002, David P. Alan (Alan), in his capacity as petitioner's CEO, executed Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, agreeing to the immediate assessment and collection of a $1,212 deficiency in petitioner's corporate income tax for the period ending June 30, 1998.  A handwritten note at the top of the Form 870 states: "PARTIAL AGREED ISSUES".  On May 27, 2002, respondent assessed the $1,212 tax and accrued interest thereon.

Subsequently, on August 12, 2003, respondent mailed petitioner a notice of deficiency, determining that for this same period ending June 30, 1998, petitioner had a deficiency in corporate income tax of $3,188 and was liable for an $880 accuracy-related penalty pursuant to section 6662(a).  The notice of deficiency was predicated in large part on the disallowance of a claimed net operating loss carryforward from petitioner's prior tax year.  On September 20, 2003, on petitioner's behalf, Alan executed Form 4089-B, Notice of Deficiency - Waiver, consenting to the immediate assessment and collection of this $3,188

deficiency and $880 penalty. Petitioner did not petition this Court to redetermine the deficiency or penalty.

Petitioner paid only a portion of the agreed-upon tax and penalty. On July 28, 2004, respondent sent petitioner a Final Notice of Intent to Levy (the levy notice) for collection of petitioner's unpaid 1998 balance. On August 23, 2004, Alan submitted on petitioner's behalf Form 12153, Request for a Collection Due Process Hearing. Notwithstanding that Alan had previously executed Form 870 agreeing to the immediate assessment of the $1,212 tax that was in fact assessed on May 27, 2002, on the Form 12153 Alan complained that he had never been given an explanation for the May 27, 2002, assessment.

The settlement officer sent petitioner materials explaining the basis for the disputed assessment; she directed petitioner to submit certain information if petitioner wished her to consider a collection alternative; and she scheduled a telephone conference for May 24, 2005. By letter dated May 11, 2005, Alan requested that the telephone conference be rescheduled, stating that he wished to present "new evidence" in a face-to-face conference. Petitioner's case was reassigned to an Appeals officer. By letter dated June 23, 2005, the Appeals officer advised that petitioner was not entitled to dispute the underlying liability, having previously agreed to it; she offered to schedule a face-to-face hearing to consider payment options. By letter dated

July 13, 2005, Alan again contested petitioner's underlying tax liability. He stated that he had recently discovered documentary evidence that would substantiate certain claimed business expenses that respondent had previously disallowed. Alan asked to be allowed to show this new evidence.

By letter dated July 20, 2005, the Appeals officer reiterated that she could not consider petitioner's underlying tax liability; she stated that if petitioner did not present a collection alternative plan by August 5, 2005, she would issue a determination letter on the basis of information available to her. In a letter dated July 25, 2005, Alan stated that he believed petitioner was entitled to audit reconsideration on the basis of his newly discovered evidence, but that all his tax records relating to the appeal had been taken in an IRS raid of his home on July 21, 2005. He requested a face-to-face hearing and audit reconsideration, but only after his tax records were returned by the IRS. Petitioner never proposed any collection alternative to the proposed levy and never submitted requested financial information necessary for Appeals Office consideration of a collection alternative.

By Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the notice), dated September 7, 2005, the Appeals Office sustained the proposed levy. An attachment to the notice explained that the Appeals Office was

unable to consider petitioner's challenge to its underlying tax liability in this collection proceeding. The notice verified that all procedural and legal requirements had been met and that the proposed levy was no more intrusive than necessary under the circumstances. The notice stated that no face-to-face meeting could be granted since petitioner had no collection alternative to present.

In its petition, petitioner sets forth the following reasons why it believes it is entitled to relief:

    a) Incorrect Determination of Net Income/Net Operating
    Loss resulting in assessment, and

    b) Incorrect Application of Procedures set forth in IRC
    Sections 6320 and 6330; and

    c) New Documentation (now in hands of Internal Revenue
    Service) supporting correct determination of Net
    Income/Net Operating Loss; and

    d) Incorrect Application of Net Operating Loss for
    Carryforward/Carryback. [Reproduced literally.]

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears

the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

Insofar as petitioner seeks to have this Court redetermine a deficiency, we lack jurisdiction over petitioner's claim. The jurisdiction of this Court depends on the timely filing of a petition. Rule 13(c). The notice of deficiency was mailed to petitioner on August 12, 2003. Petitioner did not file his petition within the 90-day period prescribed by section 6213(a).

Similarly, because petitioner signed Form 870 consenting to the immediate assessment of the original $1,212 deficiency and received a notice of deficiency with respect to an additional deficiency and penalty, petitioner may not challenge the existence or amount of its underlying liability as part of its challenge to respondent's proposed collection action. See sec. 6330(c)(2)(B); Aquirre v. Commissioner, 117 T.C. 324, 327 (2001); Sego v. Commissioner, 114 T.C. 604, 610-611 (2000); Goza v. Commissioner, 114 T.C. 176, 182-183 (2000).

In its petition, petitioner broadly assigns as error, "Incorrect Application of Procedures set forth in IRC Sections 6320 and 6330". Petitioner has not, however, complied with Rule 331, which requires the petition to contain, among other things, clear statements of the facts on which the petitioner bases the assignment of error. Similarly, in its response to respondent's motion for summary judgment, petitioner has not set forth specific facts, as required by Rule 121(d), showing that there is a genuine issue for trial with respect to this generalized allegation that respondent committed procedural error. Petitioner's failure to allege facts in support of this assignment of error justifies summary judgment. See Poindexter v. Commissioner, 122 T.C. 280, 285-286 (2004).

Moreover, in the administrative proceeding, petitioner did not ask for a collection alternative or raise any procedural issues in its Form 12153 or otherwise bring any such issues to the attention of the Appeals Office, other than attempting, improperly, to contest its underlying tax liability. Such issues generally are not properly raised for the first time before this Court. Magana v. Commissioner, 118 T.C. 488, 493 (2002). In any event, we see no error in the Appeals Office determination.

In conclusion, we are satisfied that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.