T.C. Summary Opinion 2005-47

UNITED STATES TAX COURT

JULIAN QUINTON JOHNSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20594-03S.            Filed April 18, 2005.

Julian Quinton Johnson, pro se.

<u>William J. Gregg</u>, for respondent.

WHALEN, <u>Judge</u>:  The instant petition, filed pursuant
to sections 6330(d) and 7463 in effect at the time the
petition was filed, asks the Court to review a notice
of determination concerning collection action(s) under
sections 6320 and/or 6330 (notice of determination) in
which an Appeals officer of the Internal Revenue Service
determined that respondent may proceed with the collection

of petitioner's 1991, 1996, 1998, and 1999 income tax liabilities, aggregating approximately $10,000. The decision to be entered in this case is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

The case is presently before the Court to decide respondent's motion for summary judgment. In that motion, respondent asks the Court to summarily decide the case in respondent's favor on the ground that no abuse of discretion can be found in the Appeals officer's issuance of the subject notice of determination, and respondent is entitled to judgment as a matter of law.

The premise of respondent's motion is that the Court's review of the notice of determination is governed by the judicial review provisions of the Administrative Procedure Act, particularly section 706, 5 U.S.C. sec. 706 (2000), which "limit a court's review for an abuse of discretion to the administrative record." Respondent argues that the Court's review in this case is limited to the administrative record. Respondent asserts that, according

to that record, "the Settlement Appeals Officer fully responded to petitioner's challenge to the proposed collection action" and "fully complied with the requirements of Code section 6330(c)" and "there was no abuse of discretion".

## Background

The tax for each of the years in issue was assessed by respondent before the notice of determination was issued. For 1991, respondent assessed the tax after petitioner did not respond to a notice of deficiency that respondent had issued to petitioner. Petitioner had filed no return for the year. With respect to the other taxable years involved in this case, 1996, 1998, and 1999, petitioner did not pay all of the tax reported on the return filed for each of those years. Accordingly, respondent assessed the unpaid amounts.

The record suggests that a notice of each of the above assessments and a demand for payment were issued to petitioner in accordance with section 6303(a). In due course thereafter, respondent issued to petitioner a final notice of intent to levy and notice of the right to a hearing, pursuant to section 6330(a). A copy of that notice is not included in the record.

In response to the final notice of intent to levy
and notice of the right to a hearing, petitioner filed
a timely request for a collection due process hearing
(CDP hearing) on Internal Revenue Service Form 12153.
Associated with petitioner's request is a letter from
petitioner which states as follows:

> During the past 33 years of my life I was
> addicted to mood altering substances, various
> times of which I have held jobs due to my
> chemical dependency I did not keep them long.
> During this process I did not pay the taxes I
> should have.  I have lost everything my house,
> my car I have nothing at this moment--I checked
> into an intensive treatment center "Somes" So
> That Others may Eat--for the last 4 months, I am
> currently in the aftercare program to prepare me
> for school and job placement.  Attached is a
> letter from the treatment program in addition to
> the IRS Request Form No. 12153.  I would like to
> request a deferred payment plan be established
> upon my returning to work.  I would like to
> request that you not place this on my credit
> record as this would hinder me from obtaining
> gainful employment.

In response to petitioner's request for a CDP hearing,
the Appeals officer who was assigned to petitioner's case
sent a letter to petitioner in which she outlined the
Internal Revenue Code provisions dealing with due process
for collections, she explained the collection alternatives
that are generally available, and she scheduled a hearing

in the form of a face-to-face meeting with the Appeals officer on a specific date.  Petitioner failed to appear for the hearing on the date specified, and he did not contact the Appeals officer to schedule a hearing on another date.

Several days later, the Appeals officer issued the subject notice of determination.  The following summary of the Appeals officer's determination is set forth therein:

> We have determined that the Notice of Intent to Levy issued on the periods listed above [viz 1991, 1996, 1998, and 1999] is valid and appropriate.  All legal and procedural require- ments were met in its issuance.  No collection alternatives were proposed, so levy is the only means to collect the liability at this time.

The last sentence of the above summary appears to be contradicted by an attachment to the determination letter which contains a section entitled "Relevant issues raised by the taxpayer".  In that section, the Appeals officer states:  "The taxpayer claimed [that] an installment agreement would be proposed * * * [and] also claimed that a wage levy would keep him from getting a job."  Apparently, the Appeals officer derived those claims from the letter submitted with petitioner's request for CDP hearing, quoted above.  The Appeals officer states in the attachment that

"an installment agreement cannot be entered into at this time" because "the taxpayer is not in deposit compliance". The attachment dismisses petitioner's concern about getting a job on the ground that no wage levy would take place until after he was employed, and once employed an employer could not legally terminate him solely because a wage levy was issued.

The attachment to the determination states that petitioner "does not yet meet the compliance criteria for an Installment Agreement or an offer [in compromise]" because "Information on the Integrated Data Retrieval System (IDRS) indicates the taxpayer has not filed an income tax return for the period ending 12/31/2001 or 12/31/2002." The attachment further states: "Although the taxpayer's average income for these periods is below the filing requirement, he has made mortgage interest payments during these years that would suggest that he is also receiving self-employment income of some type." Thus, the Appeals officer appears to speculate that petitioner received self-employment income during each of the years 2001 and 2002 in an amount sufficient to require that he file a return. The Appeals officer concludes: "since the

taxpayer does not appear to be in filing compliance, no collection alternatives can be considered at this time."

Finally, the attachment to the determination deals with the issue of the balance between efficient collection action and a taxpayer's concern that any collection action be no more intrusive than necessary. According to the attachment, no alternatives to collection could be considered at this time because "The taxpayer does not appear to be in filing compliance".

Petitioner filed a timely petition in this Court for judicial review of the Appeals officer's determination. In paragraph 4 of the petition, which asks for "the relief requested and the reasons why you are entitled to such relief", petitioner states as follows:

> I'm homeless, not working and in recoverey [sic]
> from drug abuse, but I'm in scool [sic] tring
> [sic] to get back on track. I ask that the $60
> fee be waive [sic], do [sic] to the fact I'm
> homeless and have no job.

We highlight two aspects of the petition. First, the petition does not raise an issue about petitioner's underlying tax liability for any of the years in issue. In fact, petitioner appears to have conceded his underlying tax liability when he stated in his request for the CDP

hearing:  "During this process I did not pay the taxes I should have."

Second, the petition states that petitioner is "homeless", but it lists a mailing address for petitioner in Washington, D.C., and a telephone number with a Washington, D.C., area code.  Respondent's motion for summary judgment states that respondent's counsel attempted to contact petitioner and "left a message" for him about the filing of the motion.  We find that petitioner resided in Washington, D.C., at the time the instant petition was filed.

This case was set for trial at the session of the Court that began in Washington, D.C., on October 4, 2004. Respondent's motion for summary judgment was also set for hearing at the same time.  When the case was called, counsel for respondent appeared, but petitioner did not.

We note that the Court's orders setting respondent's motion for summary judgment for hearing and reassigning the case, both sent to petitioner by certified mail, were returned to the Court.  In the case of each order, the envelope in which the order was sent had been stamped by the Postal Service "Unclaimed".  Petitioner has not

notified the Court of a change of address.  Respondent does not seek dismissal of the case for failure to prosecute.

## Discussion

The purpose of summary judgment is to expedite litigation and avoid unnecessary and expensive trials. See, e.g., <u>Keene v. Commissioner</u>, 121 T.C. 8, 14 (2003); <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Generally, we grant summary judgment if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials show that there is no genuine issue of any material fact and a decision may be rendered as a matter of law.  Rule 121(b); see <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988).

The moving party, respondent in this case, bears the burden of proving that there is no genuine issue of material fact.  <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982). Factual inferences will be made in a manner most favorable to the party opposing summary judgment, petitioner in this case.  <u>Dahlstrom v. Commissioner</u>, <u>supra</u> at 821.

For the reasons set forth below, we conclude that respondent has failed to prove that there is no genuine issue of any material fact. Accordingly, we will deny respondent's motion.

We have previously summarized the rights of the Commissioner to levy against the property or property rights of a taxpayer and the protections afforded to such a taxpayer in Lunsford v. Commissioner, 117 T.C. 183, 183-184 (2001), in which we stated as follows:

> Section 6331(a) authorizes the Commissioner to levy against property and property rights where a taxpayer fails to pay taxes within 10 days after notice and demand for payment is made. Section 6331(d) requires the Secretary to send notice of an intent to levy to the taxpayer, and section 6330(a) requires the Secretary to send a written notice to the taxpayer of his right to a hearing. Section 6330(b) affords taxpayers the right to a "fair hearing" before an "impartial" IRS Appeals officer. Section 6330(c)(1) requires the Appeals officer to obtain verification that the requirements of any applicable law or administrative procedure have been met. Section 6330(c)(2)(A) specifies issues that the taxpayer may raise at the Appeals hearing. The taxpayer is allowed to raise "any relevant issue relating to the unpaid tax or the proposed levy" including spousal defenses, challenges to the appropriate-ness of collection action, and alternatives to collection. Sec. 6330(c)(2)(A). The taxpayer cannot raise issues relating to the underlying tax liability if the taxpayer received a notice of deficiency or the taxpayer otherwise had an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Section 6330(c)(3), provides that a determination of the Appeals officer shall take into consideration the verification under section 6330(c)(1), the issues raised by the taxpayer, and whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Section 6330(d)(1) allows the taxpayer to appeal a determination to the Tax Court or a District Court. Section 6330(e)(1) suspends the levy action until the conclusion of the hearing and any judicial review of the determination.

In order for a taxpayer to appeal a levy determination to this Court, pursuant to section 6330(d), the Rules of the Court require the taxpayer to file a petition for review of the determination. See Rule 331. That petition must contain clear and concise assignments of each and every error which the taxpayer alleges to have been committed in the determination, together with clear and concise statements of the facts on which the taxpayer bases each assignment of error. See Rule 331(b)(4) and (5). The Rules warn that any issue that is not raised by the taxpayer in the assignments of error shall be deemed conceded. Rule 331(b)(4); Lunsford Commissioner, supra at 190; Goza v. Commissioner, 114 T.C. 176, 178 (2000).

If the underlying tax liability was properly at issue in the CDP hearing and the taxpayer includes that matter in the assignments of error in the petition for review, then we review the Appeals officer's determination as to that issue de novo.  See, e.g., Sego v. Commissioner, 114 T.C. 604 (2000); Goza v. Commissioner, supra.  However, if the underlying tax liability was not at issue in the CDP hearing, or if the taxpayer does not raise that issue in his or her petition for review, then we review the determination using the abuse of discretion standard of review.  See, e.g., Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.

We described the abuse of discretion standard of review in Robinette v. Commissioner, 123 T.C. 85, 93-94 (2004), as follows:

> Under an abuse of discretion standard, "we do not interfere unless the Commissioner's determination is arbitrary, capricious, clearly unlawful, or without sound basis in fact or law." Ewing v. Commissioner, 122 T.C. 32, 39 (2004); see also Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  Review for abuse of discretion includes "any relevant issue relating to the unpaid tax or the proposed levy", including "challenges to the appropriateness of collection actions" and "offers of collection alternatives" such as offers in compromise. Sec. 6330(c)(2)(A).  Questions about the appropriateness of the collection action include

whether it is proper for the Commissioner to proceed with the collection action as determined in the notice of determination, and whether the type and/or method of collection chosen by the Commissioner is appropriate.  See, e.g., Swanson v. Commissioner, 121 T.C. 111, 119 (2003) (challenge to appropriateness of collection reviewed for abuse of discretion).

In order for petitioner to prevail under the abuse of discretion standard, it is not enough for us to conclude that we would not have authorized collection; we must conclude that, in authorizing collection, the Appeals officer has exercised her discretion "'arbitrarily, capriciously, or without sound basis in fact'".  Estate of Jung v. Commissioner, 101 T.C. 412, 449 (1993) (quoting Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988)).

We agree with respondent that the subject determination is to be reviewed using the abuse of discretion standard of review.  As to tax year 1991, petitioner received a notice of deficiency, and, thus, he was not eligible to challenge the existence or amount of the underlying tax liability with respect to that year in the CDP hearing.  See sec. 6330(c)(2)(B).  As to tax years 1996, 1998, and 1999, petitioner did not receive a notice of deficiency, nor did he otherwise have an opportunity to dispute his underlying tax liability for any of those

years.  Thus, it appears that petitioner could have disputed the merits of his underlying tax liability for those years at the CDP hearing.  See Poindexter v. Commissioner, 122 T.C. 280, 284 (2004); Montgomery v. Commissioner, 122 T.C. 1, 9 (2004).  However, petitioner did not raise his underlying tax liability for any of those years as an issue either in his request for the CDP hearing or in his petition for review in this Court.  Therefore, petitioner's underlying tax liability is not at issue in this case.  See Poindexter v. Commissioner, supra; Lunsford v. Commissioner, 117 T.C. at 185-187; Davis v. Commissioner, 115 T.C. 35, 39 (2000).  As to all of the years in issue in this case, the determination is to be reviewed for abuse of discretion.

We do not agree with respondent that the Court's review of the Appeals officer's levy determination is governed by the judicial review provisions of the Administrative Procedure Act, such that, in the words of respondent's motion, "its review may not go beyond the administrative record."  To the contrary, in Robinette v. Commissioner, supra at 95, the Court held that we were not limited by the Administrative Procedure Act when reviewing a levy determination for abuse of discretion and "our

review is not limited to the administrative record."  See also Ewing v. Commissioner, 122 T.C. 32 (2004).  Respondent's motion for summary judgment in this case does not cite Robinette and, thus, it gives us no reason to distinguish that case or to conclude that its holding does not govern our opinion here.

Absent special circumstances, in an appeal of a levy determination we will consider only arguments, issues, and other matters that were raised at the section 6330(b) hearing or otherwise brought to the attention of the Appeals Office.  See Robinette v. Commissioner, supra at 101-103; Ewing v. Commissioner, supra at 41; Magana v. Commissioner, 118 T.C. 488, 493-494 (2002).  Thus, while the taxpayer may not be limited to the evidence contained in the administrative record of the levy determination, it must appear that the matters raised before this Court were also raised before the Appeals Office.  See Robinette v. Commissioner, supra at 101-103.

In this case, the grounds for relief stated in petitioner's petition, as quoted above, are terse but can be read as raising an issue about the appropriateness of collection actions (i.e., the statement in the petition that petitioner is "homeless, not working and in recoverey

[sic] from drug abuse"), and an issue about the denial of an alternative method of collection (i.e., the statement in the petition that petitioner is "in scool [sic], tring [sic] to get back on track"). Both of these issues were raised in the letter attached to petitioner's request for a CDP hearing on Form 12153. In passing, we note that respondent is not seeking dismissal of the case on the ground that the petition does not raise justiciable issues or that it raises issues that had not been presented to the Appeals officer.

Respondent asks the Court for summary judgment and, as mentioned above, bears the burden of proving that there is no genuine issue as to any material fact. See Rule 121(b). At trial, the evidence will not be confined to the evidence contained in the administrative record. See Robinette v. Commissioner, 123 T.C. at 101-103. Petitioner will have an opportunity to present other evidence in support of the issues raised in his petition, described above. We do not know what other evidence, if any, petitioner will present at trial. Thus, we cannot know at this time whether the evidence presented at trial will raise a genuine issue as to a material fact. What we do know is that respondent has failed to make the showing

required by Rule 121 that there are no genuine issues of material fact.

Moreover, even if the evidence at trial were confined to the evidence in the administrative record, there appears to be a genuine issue about whether petitioner was required to file tax returns for 2001 and 2002. This fact is material because the Appeals officer's determination, as indicated by the attachment to the determination, shows that the Appeals officer rejected petitioner's request for an installment agreement because she "found no record of the taxpayer filing his Form 1040 for the periods ending 12/31/2001 or 12/31/2002."

The Appeals officer acknowledged in the attachment to the determination that petitioner did not have sufficient wage income to require the filing of a return, but she asserted that "he has made mortgage interest payments during these years that would suggest that he is also receiving self-employment income of some type." On the other hand, petitioner asserted his request for a CDP hearing: "I've lost everything my house, my car, I have nothing at this moment". This statement implies that petitioner did not own the property on which the mortgage interest payments were made and that petitioner did not

make those payments.  Furthermore, there is nothing in the record to show that any such mortgage interest payments are self-employment income earned by petitioner.

For the above reasons,

<u>An appropriate order will be issued denying respondent's motion for summary judgment</u>.