T.C. Memo. 2009-129

UNITED STATES TAX COURT

THOMAS B. AND LABELLE D. LANCE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18373-07L.              Filed June 4, 2009.

Thomas B. and Labelle D. Lance, pro sese.

<u>Brenda M. Fitzgerald</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent sent petitioners notice of his determination to collect petitioners' 1996 and petitioner Thomas Lance's 1999 and 2001 income tax liabilities by levy. Petitioners administratively appealed, and respondent sustained the determination to proceed with the levy.  Petitioners petitioned this Court seeking to forestall the levy action,

stating in their petition that respondent did not properly consider petitioners' offer to compromise their 1996 tax liability. After the pleadings were complete, respondent moved for summary judgment.[1]

Background

Petitioners resided in Georgia at the time their petition was filed. Respondent audited petitioners' 1996 Federal income tax return and proposed adjustments. Petitioners appealed to respondent's Office of Appeals and reached agreement with respect to the 1996 income tax liability. The parties entered into an agreement on Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment, defining the income tax deficiency for 1996. Subsequently, however, Mrs. Lance sought innocent spouse relief with respect to the 1996 income tax liability, and she was notified by certified mail on October 30, 2002, that relief would not be granted. Mrs. Lance did not petition this Court with respect to the disallowance of innocent spouse relief.

Mr. Lance was sent and received a statutory notice of deficiency for his 1999 tax year on November 7, 2001, but he did

---

[1]Petitioners were given ample opportunity over an extended period to respond to respondent's summary judgment motion. On several occasions petitioners sought an extension of time to respond, but they did not respond. Because adequate time for a response has been afforded to petitioners, we proceed to address respondent's motion.

not file a petition with this Court. Mr. Lance was also sent and received a statutory notice of deficiency for his 2001 tax year on January 26, 2004, and he, likewise, did not file a petition with this Court. During the period 2003 through the beginning of 2006 petitioners had a great deal of interaction with respondent, and numerous pieces of correspondence were exchanged. Petitioners suggested an installment agreement, offers-in-compromise, and other collection approaches during that period. In letters dated February 6, 2006, respondent notified petitioners of his intent to levy with respect to their joint 1996 tax liability and Mr. Lance's 1999 and 2001 tax liabilities. In those same letters respondent notified petitioners of their right to a hearing.

On March 22, 2006, respondent received a timely Form 12153, Request for a Collection Due Process Hearing, with respect to petitioners' 1996 tax liability and Mr. Lance's 1999 and 2001 tax liabilities. In their request petitioners stated that they believed that the penalties and interest for the 3 tax years should be abated in part. No grounds were stated. Petitioners sought a face-to-face hearing, and their hearing request was transferred to the Atlanta Appeals Office.

On August 14, 2006, Settlement Officer Allen D. Powell (SO Powell) sent petitioners a letter advising them that he had scheduled a September 19, 2006, hearing, and he also enclosed a

copy of Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.  SO Powell stated in the letter that if petitioners wished consideration of collection alternatives, such as an installment agreement or an offer-in-compromise, the form had to be completed and returned within 14 days.  On September 18, 2006, petitioners requested that the hearing be rescheduled because of their son's illness.

For the next several months, no action was taken because of petitioners' son's illness.  On January 18, 2007, SO Powell sent petitioners a letter requesting an update on their son's health and further advising that petitioners contact SO Powell to schedule a hearing if they still wished one.  On February 22, 2007, SO Powell sent petitioners a letter scheduling a face-to-face conference for April 3, 2007, at 10 a.m.  He enclosed a second Form 433-A with that letter and advised petitioners that if they wished to discuss any collection alternatives they should provide him with a completed Form 433-A at least 7 days before the hearing.

The hearing scheduled for April 3, 2007, did not take place and was rescheduled at petitioners' request to May 15, 2007. Petitioners were advised by SO Powell that this was their final opportunity for a hearing.  On May 13, 2007, petitioners left a voice mail message for SO Powell requesting another hearing date. On May 15, 2007, SO Powell advised the petitioners that he

would not reschedule but that they were welcome to submit information for his consideration on or before May 28, 2007.

In a May 24, 2007, letter, petitioners suggested an offer-in-compromise. Petitioners also enclosed copies of correspondence that had been sent to and received from respondent, but no financial information to support an offer-in-compromise or other collection alternative was included with petitioners' correspondence. Petitioners mailed the letter and enclosed documents to SO Powell on May 28, 2007, but did not include a completed Form 433-A. On June 1, 2007, SO Powell reviewed and considered the information that petitioners provided. On July 12, 2007, SO Powell decided to sustain the proposed levy based upon all available information. Because petitioners did not provide a completed Form 433-A, SO Powell was unable to evaluate collection alternatives. On July 16, 2007, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for each of petitioners' 1996 tax year and Mr. Lance's 1999 and 2001 tax years.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted when there is no genuine issue of material fact and a

decision may be rendered as a matter of law.  Rule 121(b);[2]
Sundstrand Corp. v Commissioner, 98 T.C. 518, 520 (1992), affd.
17 F.3d 965 (7th Cir. 1994).  The opposing party cannot rest upon
mere allegations or denials in his pleadings and must "set forth
specific facts showing that there is a genuine issue for trial."
Rule 121(d).  The moving party bears the burden of proving that
there is no genuine issue of material fact, and factual
inferences will be read in a manner most favorable to the party
opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C.
812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344
(1982).

Respondent has provided all documents from the
administrative record, and petitioners have not come forward to
dispute or deny any portion thereof.[3]  Therefore, we are in a
position to render a decision, as a matter of law, as to whether
respondent abused his discretion in sustaining the proposed levy
action.

We first consider whether petitioners were entitled to
question the underlying tax liabilities for the 1996, 1999,
and/or 2001 tax years.  The merits of the underlying tax

---

[2]Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[3]Because this is a summary judgment motion with no facts in
dispute, we need not consider the ramifications of sec. 7491.

liability are proper issues in an Appeals Office hearing if the "person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

Petitioners were not entitled to dispute the underlying tax liability for 1996 because they had a prior opportunity, before the Office of Appeals, to dispute the tax liability and entered into a Form 870 agreement for the tax deficiency. Taxpayers who execute a Form 870 consenting to the immediate assessment and collection of the deficiency waive their right to receive a notice of deficiency and, hence, the right to contest the underlying liability in a subsequent collection action. Sec. 6330(c)(2)(B); Estate of Deese v. Commissioner, T.C. Memo. 2007-362; A-Z Optics, Inc. v. Commissioner, T.C. Memo. 2007-27. Accordingly, petitioners could not contest the underlying tax liability for the year 1996. Aguirre v. Commissioner, 117 T.C. 324, 327 (2001); Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 180-181 (2000).

Similarly, Mr. Lance was not entitled to dispute his underlying 1999 and 2001 tax liabilities because he received a statutory notice of deficiency for each year and, accordingly, had a prior opportunity to dispute those tax liabilities. Sec. 6330(c)(2)(B); Nestor v. Commissioner, 118 T.C. 162, 165-166

(2002); Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra.

In view of those circumstances, we proceed to decide whether there was an abuse of discretion when respondent sustained the proposed levy action. See Sego v. Commissioner, supra at 610.

Petitioners, although requested to do so on several occasions, failed to provide financial information to SO Powell, rendering him unable to evaluate collection alternatives. Hearings were scheduled for several dates over an extended period, and petitioners sought rescheduling on each occasion. The first letter setting a hearing date was sent on August 14, 2006, and SO Powell did not issue his determinations until July 16, 2007. Throughout that period petitioners did not submit complete financial information, nor did they submit a completed Form 433-A.

A financial statement is not required of taxpayers who make offers-in-compromise based solely on doubt as to liability. Sec. 7122; sec. 301.7122-1(d) Proced. & Admin. Regs. However, financial information is required of taxpayers who seek collection alternatives on other bases, including offers-in-compromise based upon doubt as to collectibility. Additionally, taxpayers who submit offers based on doubt as to collectibility or based on effective tax administration are required to provide

the Commissioner with a completed collection information statement.

In this case the lack of financial information rendered any intended offer incomplete and prevented respondent from considering collection alternatives. When a hearing officer is unable or refuses to consider collection alternatives because of a taxpayer's failure to provide financial information, courts have held that there was no abuse of discretion. Schwersensky v. Commissioner, T.C. Memo. 2006-178. We hold that the settlement officer's actions were appropriate and not an abuse of discretion.

A settlement officer must take into consideration: (1) The verification that the requirements of applicable law and administrative procedures have been met, (2) the issues raised by taxpayers, and (3) the legitimate concern of the person(s) that any collection be no more intrusive than necessary. Sec. 6330(c)(3). The settlement officer in this case met those requirements. In addition, SO Powell responded to petitioners' request for rescheduling of hearing dates and was responsive to all of petitioners' requests.

In view of the foregoing, we hold that there was no abuse of discretion in respondent's decision to proceed with collection by levy. Accordingly, respondent's motion for summary judgment will be granted.

To reflect the foregoing,

<u>An appropriate order and</u>
<u>decision will be entered</u>.