T.C. Summary Opinion 2010-170


UNITED STATES TAX COURT



MARLENE & RAYFIELD MURPHY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7787-09S.                Filed December 6, 2010.


Marlene and Rayfield Murphy, pro sese.

<u>Barton Thomas</u> and Swati Desai (student), for respondent.


COHEN, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case was commenced in response to a notice of determination concerning collection action. The issues for decision are whether the Internal Revenue Service (IRS) Appeals Office abused its discretion by sustaining (1) the rejection of an offer-in-compromise (OIC) and (2) the filing of a Federal tax lien with respect to petitioners' unpaid Federal income taxes for 2003 and 2004. All section references are to the Internal Revenue Code.

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated by this reference. Petitioners resided in Illinois at the time their petition was filed.

Petitioners filed joint Federal income tax returns for 2003 and 2004. The IRS examined these tax returns and determined deficiencies. Petitioners consented to the determined income tax deficiencies, interest, and failure to pay additions to tax by executing Forms 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment. Subsequently, these amounts were assessed in December 2007.

On December 13, 2007, petitioners submitted a Form 656, Offer in Compromise, based on doubt as to collectibility and offered to pay $5,000 for the then-outstanding 2003 and 2004 tax liabilities of $27,755.26. Petitioners attached a completed Form 433-A, Collection Information Statement for Wage Earners and

Self-Employed Individuals, and indicated that petitioner Marlene Murphy (petitioner) owned and operated a business school out of the home and that petitioner Rayfield Murphy worked for a delivery service.

The IRS acknowledged receipt of the OIC and informed petitioners that while the IRS was investigating the offer, a notice of Federal tax lien would be filed to protect the Government's interests. The offer specialist determined that petitioners owned assets with equity including vehicles, petitioner's individual retirement account, and real property where petitioner's father lives part time. Petitioner informed the offer specialist that she had applied for a home equity loan but did not qualify because of an outstanding judgment stemming from a business that Rayfield Murphy had owned and operated from 2003 until October 2007.

On June 24, 2008, the IRS sent petitioners a notice of Federal tax lien filing with respect to 2003 and 2004. The recorded lien reported outstanding amounts owed of $7,752.03 and $20,003.23 for 2003 and 2004, respectively.

On July 2, 2008, petitioners responded to the lien filing by submitting a completed Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153, petitioners requested the collection alternative of an OIC and withdrawal of the lien.

The settlement officer assigned to petitioners' collection due process (CDP) proceeding informed them that she would include the determination from the Appeals Office's review of their previously submitted OIC in her notice of determination. On November 12, 2008, the settlement officer conducted a telephone conference with petitioner regarding the tax lien filing. Petitioner requested that the lien filing be withdrawn because it was negatively affecting petitioners' credit rating, was preventing petitioner from earning income from her business school because she was having difficulty securing liability insurance and a surety bond, and was preventing petitioners from securing a home equity loan to pay the outstanding tax liabilities. Petitioner also requested abatement of interest and additions to tax for failure to pay, claiming reasonable cause.

The Appeals officer reviewing petitioners' OIC noted that petitioner's business school was not generating a profit and determined that petitioners' income was minimal and not sufficient to meet necessary living expenses. During the review the Appeals officer reduced petitioners' calculated equity in assets to $36,360. However, by letter dated December 30, 2008, the Appeals Office informed petitioners that it would not recommend acceptance of their offer because their equity in assets exceeded the amount owed.

On February 24, 2009, the Appeals Office sent separate and identical notices of determination to petitioners informing them that the Appeals Office had sustained the rejection of the OIC and the filing of the notice of Federal tax lien.

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes after a demand for the payment of the taxes has been made and the taxpayer fails to pay.  The lien arises when the assessment is made.  See sec. 6322.  The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice.  See sec. 6323.  Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter.

The hearing generally shall be conducted consistent with procedures set forth in section 6330(c), (d), (e), and (g).  See sec. 6320(c).  Under section 6330(c)(2)(A) a taxpayer may raise any relevant issue at a CDP hearing, including challenges to "the appropriateness of collection actions", and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise."  The taxpayer may also challenge the existence and amount of the underlying tax liability if no notice of deficiency was received or the taxpayer did not otherwise have

an opportunity to dispute such tax liability.  Sec. 6330(c)(2)(B).  This Court has interpreted "underlying tax liability" in section 6330 to include any amounts owed by the taxpayer pursuant to the tax laws, including additions to tax and statutory interest.  Katz v. Commissioner, 115 T.C. 329, 339 (2000).

The Appeals officer must consider the relevant issues, verify the requirements of applicable law and administrative procedures have been met, and consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3).

For purposes of section 6330(c)(2)(B), a taxpayer who has waived the right to challenge the proposed assessments by signing a Form 870 consenting to the immediate assessment and collection of tax liabilities is deemed to have had the opportunity to dispute the underlying tax liability and is precluded by such waiver from challenging the underlying tax liability in the CDP hearing or before this Court.  See Aguirre v. Commissioner, 117 T.C. 324, 327 (2001); Lance v. Commissioner, T.C. Memo. 2009-129

Petitioners executed Forms 870 for 2003 and 2004 with respect to the income tax deficiencies, additions to tax, and interest.  Therefore, they may not contest the underlying

liabilities and must establish that the issuance of the notices of determination sustaining the rejection of an OIC and lien filing was an abuse of discretion. See <u>Sego v. Commissioner</u>, 114 T.C. 604, 609-610 (2000). An abuse of discretion is shown only if the action of the Appeals officer was arbitrary, capricious, or without sound basis in fact or law. See <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111 (2007).

Section 7122(a) authorizes compromise of a taxpayer's outstanding Federal income tax liabilities. Section 7122(d) provides that the Secretary shall prescribe guidelines for evaluation of whether an OIC should be accepted. The regulations set forth three grounds for the compromise of a liability: (1) Doubt as to liability; (2) doubt as to collectibility; or (3) promotion of effective tax administration. Sec. 301.7122-1(b), Proced. & Admin. Regs. Doubt as to liability is not at issue in this case.

For purposes of evaluating an OIC, doubt as to collectibility exists "where the taxpayer's assets and income are less than the full amount of the liability." Sec. 301.7122-1(b)(2), Proced. & Admin. Regs. An OIC based on doubt as to collectibility "will be considered acceptable if it is unlikely that the tax can be collected in full and the offer reasonably reflects the amount the Service could collect through other means

* * * This amount is the reasonable collection potential of a case." Rev. Proc. 2003-71, sec. 4.02(2), 2003-2 C.B. 517, 517.

A compromise based on doubt as to collectibility may be accepted where the taxpayer's assets and income are less than the full amount of the liability. Sec. 301.7122-1(b)(2), Proced. & Admin. Regs. Generally, under the Commissioner's administrative guidelines, an offer to compromise based on doubt as to collectibility will be acceptable only if it reflects the reasonable collection potential (RCP). See Internal Revenue Manual (IRM), pt. 5.8.1.1.3(3) (Sept. 1, 2005); see also Rev. Proc. 2003-71, sec. 4.02(2). Where the Appeals officer has followed the IRS guidelines to ascertain a taxpayer's RCP and has rejected the taxpayer's collection alternative on that basis, we generally have found no abuse of discretion. See Dean v. Commissioner, T.C. Memo. 2009-269; McClanahan v. Commissioner, T.C. Memo. 2008-161. Petitioner supplied information and explanations to the Appeals Office that resulted in the determination of an RCP that was greater than the amount of the outstanding liabilities. The record reflects that the Appeals Office followed IRS guidelines to determine petitioners' RCP and the determined RCP exceeds petitioners' offer.

A compromise may be entered into to promote effective tax administration when the Secretary determines that, although collection in full could be achieved, collection of the full

liability would cause the taxpayer economic hardship within the meaning of section 301.6343-1, Proced. & Admin. Regs. See sec. 301.7122-1(b)(3), Proced. & Admin. Regs. In some cases, the Commissioner will accept an offer of less than the RCP if there are "special circumstances." Rev. Proc. 2003-71, sec. 4.02(2). Special circumstances are: (1) Circumstances demonstrating that the taxpayer would suffer economic hardship if the IRS were to collect an amount equal to the RCP; or (2) circumstances justifying acceptance of an amount less than the RCP of the case based on public policy or equity considerations. See IRM pt. 5.8.4.3(4) (Sept. 1, 2005). Economic hardship is present when the taxpayer is unable to pay reasonable basic living expenses. Sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs. However, in accordance with the Commissioner's guidelines, an OIC based on doubt as to collectibility with special circumstances or to promote effective tax administration should not be accepted, even when economic hardship or considerations of public policy or equity circumstances are identified, if the taxpayer does not offer an acceptable amount. See IRM pt. 5.8.11.2.1(11), 5.8.11.2.2(12) (Sept. 1, 2005).

We do not substitute our own judgment for that of the Appeals Office or prescribe the amount we believe would be an acceptable OIC but instead correct only abuses of discretion. See Schropp v. Commissioner, T.C. Memo. 2010-71; see also Murphy

v. Commissioner, 125 T.C. 301, 320 (2005), affd. 469 F.3d 27 (1st Cir. 2006).

Petitioners do not allege that the Appeals Office failed to consider any information with respect to their OIC or that any of the factual findings were incorrect but assert that the Appeals Office did not consider their inability to use the equity in their assets to pay the outstanding tax liabilities.

Although the Appeals Office recognized that petitioners' income over the 3-year period before the CDP hearing had been minimal and not sufficient to meet necessary living expenses, the Appeals officer determined that the requested OIC of $5,000 was not an acceptable amount and should be rejected because petitioners had equity in assets that exceeded the outstanding liabilities. See IRM pt. 5.8.11.2.1(11).

The Government is entitled to preserve its priority regarding petitioners' assets, given their value and the uncertainty regarding their disposition. The Appeals officer considered petitioners' proposed OIC and confirmed the rejection of that OIC on the basis of a proper application of the IRM guidelines. Thus, it was not an abuse of discretion for the Appeals Office to confirm the rejection of the OIC with respect to petitioners' unpaid income tax liabilities for 2003 and 2004.

Petitioners contend that respondent should have advised them of the option to request placing their outstanding tax

liabilities in currently not collectible status. A taxpayer may request that an outstanding Federal income tax liability be designated currently not collectible where, on the basis of the taxpayer's assets, equity, income, and expenses, the taxpayer has no apparent ability to make payments on the outstanding tax liability. See Foley v. Commissioner, T.C. Memo. 2007-242. IRS procedures indicate that currently not collectible status is a collection alternative to a levy action, and there is no levy in this case; thus petitioners' assertion is meritless. See IRM pt. 1.2.14.1.14 (Nov. 19, 1980) (Policy Statement 5-71).

Petitioner asserted that the filing of the Federal tax lien was preventing petitioners from obtaining a home equity loan. However, petitioner informed the Appeals Office that a home equity loan had been denied because of an outstanding judgment related to the business that her husband had owned and operated.

After verifying that the requirements of applicable law and administrative procedure had been met, the Appeals Office concluded that the filing of the notice of Federal tax lien balanced the need for efficient collection of taxes with petitioners' concern that the collection be no more intrusive than necessary. Respondent used the available methods under the Internal Revenue Code for protecting the United States' claims against subsequent creditors by filing the Federal tax lien, and the record shows that the decision of the Appeals Office to

sustain the filing of the Federal tax lien was not arbitrary, capricious, or without sound basis in fact or law.

We have considered all arguments made, and to the extent not mentioned or addressed, we conclude that they are without merit or irrelevant. To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.