T.C. Summary Opinion 2011-34


UNITED STATES TAX COURT


JOSEPH N. PERLMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25769-09S.                    Filed March 17, 2011.


Joseph N. Perlman, pro se.

<u>James R. Bamberg</u>, for respondent.


    PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.  Pursuant to
section 7463(b), the decision to be entered is not reviewable by
any other court, and this opinion shall not be treated as
precedent for any other case.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case is before the Court on petitioner's request for judicial review of an Internal Revenue Service (IRS) determination to sustain a notice of intent to levy to collect petitioner's 2007 Federal income tax liability. The sole issue for decision is whether the IRS abused its discretion in determining that collection by levy may proceed.[1]

## Background

At the time the petition was filed, petitioner resided in Florida.

Petitioner is a self-employed attorney. Petitioner filed a joint Federal income tax return with his wife for 2007 reporting a tax of $30,583. Petitioner and his wife did not make estimated tax payments for 2007 but had a withholding credit of $2,373 and a refundable credit of $1,200. Neither petitioner nor his wife made any payment with the return, but they did make two payments in 2009 totaling $2,000.

---

[1]Respondent filed a motion for summary judgment pursuant to Rule 121. Petitioner filed a response to respondent's motion, and the Court set the motion for hearing at trial. At the trial session the Court took the motion under advisement and proceeded with trial. During trial the Court heard testimony and received evidence. Therefore the Court will deny respondent's motion for summary judgment.

The IRS assessed the unpaid balance as well as additions to tax for failure to timely pay tax under section 6651(a)(2) and failure to make estimated tax payments under section 6654. On May 19, 2009, the IRS issued a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for the 2007 tax liability.

On June 5, 2009, the IRS received a Form 12153, Request for a Collection Due Process or Equivalent Hearing, from petitioner. On the Form 12153 petitioner requested an installment agreement or offer-in-compromise (OIC) as collection alternatives. Along with the form, petitioner provided certain financial information and documentation as well as a general explanation of his finances at the time of the request.

On August 3, 2009, the IRS issued a letter to petitioner acknowledging receipt of the request and scheduling a collection due process (CDP) hearing for September 3, 2009. In the letter, the IRS requested an updated Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and proof of petitioner's estimated tax payments for 2009. Petitioner submitted an incomplete Form 433-A which reflected investment accounts with fair market values totaling $350,000 as well as bank accounts, lines of credit, three real properties (a house, an office, and a condominium), and leased vehicles as assets. Petitioner also provided a detailed summary of his business income and expenses as well as his Social Security

benefits. Petitioner did not submit evidence regarding any 2009 estimated tax payments or his living expenses.

On September 3, 2009, during the CDP hearing the settlement officer (SO) informed petitioner that on the basis of the information provided, petitioner had the ability to fully pay the liability. Petitioner agreed that he owed the underlying liability but stated that he had very little equity in his assets and could not fully pay the liability. The SO informed petitioner that expenses relating to the condominium would not be allowed during the evaluation of a proposed installment agreement. The SO gave petitioner until September 18, 2009, to provide evidence showing he made estimated tax payments for 2009 and to provide information as to the current equity in his assets.

In his September 15, 2009, response, petitioner enclosed a check for $2,100 which represented his only estimated tax payment for 2009, 3 months of bank statements, various deed and property searches for his properties that listed initial mortgage amounts but omitted other mortgages, and additional documentation as to the condominium mortgage. Petitioner did not provide the mortgage information or documents showing the current equity for the house or office, nor did he provide a list of his living expenses. Petitioner did not submit a Form 656, Offer in

Compromise, or propose a payment schedule or amount for an installment agreement.

While the SO had not received a completed Form 433-A, the SO determined that petitioner still had the ability to fully pay the liability, on the basis of the updated information petitioner provided. On October 5, 2009, the IRS issued a notice of determination sustaining the proposed levy. On October 30, 2009, petitioner timely filed a petition with the Court disputing the notice of determination.

## Discussion

We have jurisdiction under section 6330(d)(1) to review respondent's determination that the notice of intent to levy was proper and that respondent may proceed to collect by levy.[2] In reviewing the Commissioner's decision to sustain collection actions, where the validity of the underlying tax liability is properly at issue, the Court reviews the Commissioner's determination of the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews any other administrative determination regarding proposed collection actions for abuse of discretion. Sego v. Commissioner, supra at

---

[2]The Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019, amended sec. 6330(d) and granted this Court jurisdiction over all sec. 6330 determinations made after Oct. 16, 2006. Perkins v. Commissioner, 129 T.C. 58, 63 n.7 (2007).

610; Goza v. Commissioner, supra at 182. An abuse of discretion occurs when the exercise of discretion is without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 308 (2005), affd. 469 F.3d 27 (1st Cir. 2006). The taxpayer has the burden of proving that the Commissioner's determination to sustain a proposed collection action is an abuse of discretion. Rule 142(a).

At the collection hearing, a taxpayer may raise any relevant issues relating to the unpaid tax or proposed levy, including spousal defenses, challenges to the appropriateness of the collection actions, and offers of collection alternatives. Sec. 6330(c)(2)(A). In addition, he may challenge the existence or amount of the underlying tax liability, but only if he did not receive a notice of deficiency or otherwise have an opportunity to dispute such liability. Sec. 6330(c)(2)(B).

Petitioner does not dispute the underlying liability, but instead he asserts he was denied an opportunity to have an OIC or an installment agreement considered.

Offer-in-Compromise

The Secretary may compromise any civil or criminal case arising under the Internal Revenue laws. Sec. 7122(a); Murphy v. Commissioner, supra at 308. Section 7122(d) provides that the Secretary "shall prescribe guidelines for officers and employees of the Internal Revenue Service to determine whether an offer-in-

compromise is adequate and should be accepted to resolve a dispute." Taxpayers who wish to propose an OIC must submit a Form 656. See Godwin v. Commissioner, T.C. Memo. 2003-289, affd. 132 Fed. Appx. 785 (11th Cir. 2005). We have consistently held that the Commissioner has not abused his discretion for failing to consider an OIC where a taxpayer failed to submit an offer to the Appeals officer. Kendricks v. Commissioner, 124 T.C. 69, 79 (2005). Petitioner did not submit a Form 656, complete financial information, or any proposed settlement terms. Therefore the Commissioner has not abused his discretion in failing to consider an OIC or any less formal "collection alternative".

Installment Agreement

Section 6159(a) gives the Secretary discretionary authority "to enter into written agreements with any taxpayer under which such taxpayer is allowed to make payment on any tax in installment payments if the Secretary determines that such agreement will facilitate full or partial collection of such liability." The Commissioner has the discretion to accept or reject an installment agreement proposed by a taxpayer. See sec. 301.6159-1(b)(1)(i), Proced. & Admin. Regs. We review the Commissioner's rejection of an installment agreement for abuse of discretion. See Orum v. Commissioner, 123 T.C. 1, 12-13 (2004), affd. 412 F.3d 819 (7th Cir. 2005).

Although petitioner indicated his interest in an installment agreement, he did not propose any specific payment amounts or

installment schedule.  Additionally, petitioner's updated but incomplete information still reflected his ability to fully pay the liability.  When a hearing officer is unable or refuses to consider collection alternatives because of a taxpayer's failure to provide financial information, courts have held that there was no abuse of discretion.  Schwersensky v. Commissioner, T.C. Memo. 2006-178; see also Lance v. Commissioner, T.C. Memo. 2009-129. We conclude that respondent did not abuse his discretion in failing to consider an installment agreement.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.