T.C. Memo. 2012-151

UNITED STATES TAX COURT

GUILLERMO GONZALEZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20576-10L.                    Filed May 29, 2012.

Guillermo Gonzalez, pro se.

Jeffrey D. Heiderscheit, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  This case was commenced under sections 6320(c) and

6330(d) in response to a notice of determination sustaining the filing of a notice of

Federal tax lien to secure petitioner's unpaid Federal income tax liabilities for 1996,

1997, and 1999.  The issue for decision is whether there was an abuse of discretion

by the Internal Revenue Service in sustaining the filing of the lien. All section references are to the Internal Revenue Code.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Texas when he filed his petition.

During 1996 through 1999 petitioner operated numerous businesses and owned multiple commercial properties. Petitioner failed to file timely his Federal income tax returns for 1996, 1997, and 1999. In early 2001 the Internal Revenue Service commenced an examination of petitioner's liability for 1998, which expanded to 1996, 1997, and 1999 when petitioner's failure to file returns for those years was discovered. The examination was conducted by Revenue Officer Joel Resendez. Petitioner was initially aided in relation to the examination by a notary public, Lorenzo Lopez.

Lopez sat down on numerous occasions with Resendez, and the two of them worked diligently in reviewing canceled checks and invoices to determine expenses properly allocated to various rental properties and businesses. Resendez reconstructed income using information provided by petitioner and prepared but unfiled tax returns for 1996 and 1997. Resendez also met with petitioner and

discussed with him various unsuccessful business ventures, including one involving a convention center.  Resendez told petitioner that because of the inadequate records it was necessary to reconstruct both income and expenses.   Resendez explained his methodology, his findings, and petitioner's options if he did not agree with the findings of the examination.  Because petitioner primarily spoke Spanish and Resendez was fluent in Spanish, the explanations were given to petitioner in Spanish.

Before the examination was completed, Lopez left Texas because of personal problems.  Lopez took with him some of petitioner's documents.

Resendez prepared Forms 4549, Income Tax Examination Changes, for 1996, 1997, and 1999.  Petitioner signed the Form 4549 for 1999 on July 12, 2002, and the Form 4549 for 1996 and 1997 on September 25, 2002.

Petitioner did not pay the income tax shown on the Forms 4549.  On September 20, 2005, petitioner submitted an offer-in-compromise for his tax liabilities and statutory additions to tax for 1995 through 2002.  On February 7, 2006, the offer-in-compromise was rejected because a revenue officer determined that petitioner could pay his liabilities in full.

On March 13, 2008, a Notice of Federal Tax Lien Filing And Your Right To A Hearing Under IRC 6320 was sent to petitioner with respect to 1996, 1997, and 1999. Petitioner filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing. A hearing was held on October 28, 2009. Petitioner and his then representative disputed the underlying liabilities and discussed collection alternatives. Petitioner was told that collection alternatives could not be considered until he submitted financial information.

On November 6, 2009, petitioner submitted amended returns on Forms 1040X, Amended U.S. Individual Income Tax Return, for 1996, 1997, and 1999. The returns were reviewed by the Internal Revenue Service Office of Appeals, but they were not accepted because of the absence of substantiating documents.

After reviewing the financial information submitted by petitioner, the Appeals settlement officer concluded that petitioner had $304,908 in equity and could pay the $239,191.89 then-outstanding tax liability. In a notice of determination sent August 19, 2010, the filing of the lien was sustained.

## OPINION

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes after a demand for the payment of the taxes has been made and the taxpayer fails to pay. The lien arises when the

assessment is made. <u>See</u> sec. 6322. The IRS files a notice of Federal tax lien to preserve priority and put other creditors on notice. <u>See</u> sec. 6323. Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative collection due process (CDP) hearing on the matter. The hearing generally shall be conducted consistent with procedures set forth in section 6330(c), (d), (e), and (g). <u>See</u> sec. 6320(c).

Under section 6330(c)(2)(A) a taxpayer may raise any relevant issue at a CDP hearing, including "challenges to the appropriateness of collection actions", and may make "offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise." A taxpayer is expected to provide all relevant information requested by the Appeals Office for its consideration of the facts and issues involved in the hearing. <u>See</u> secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs.

Challenges to the underlying tax liability may be raised during the CDP hearing only where the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to dispute such liability. <u>See</u> sec. 6330(c)(2)(B). To dispute the underlying liability, a taxpayer must properly raise the merits of the underlying

liability as an issue during the CDP hearing. See Giamelli v. Commissioner, 129 T.C. 107, 112-116 (2007); sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs. The merits are not properly raised if the taxpayer challenges the underlying tax liability but fails to present the Appeals Office with any evidence with respect to that liability after being given reasonable opportunity to present such evidence. See sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

For purposes of section 6330(c)(2)(B), a taxpayer who has waived the right to challenge the proposed assessments by signing Form 4549 is deemed to have had the opportunity to dispute the underlying tax liability and is precluded by that waiver from challenging the underlying tax liability in the CDP hearing or before this Court. Aguirre v. Commissioner, 117 T.C. 324, 327 (2001); see also Lance v. Commissioner, T.C. Memo. 2009-129.

Petitioner contended during the administrative proceedings and in the petition in this case that he should not be bound by the Forms 4549 that he signed because he did not understand English, did not know his rights, and was pressured to sign the forms. The Appeals settlement officer considered that claim and learned that the examiner, Resendez, had communicated with petitioner in Spanish. Nonetheless, she also considered the amended returns but did not accept them because of the absence of substantiating documents.

Petitioner testified at trial through an interpreter, but he did not contend that he could not understand explanations that Resendez gave him. His testimony repeated claims of losses that had been considered by Resendez and by the Appeals settlement officer but were disallowed to the extent that they were not substantiated. Petitioner claims various losses in general terms, but he admits that he lacks any documentation not previously provided to Resendez or to the Appeals settlement officer. Even if petitioner were entitled to dispute the underlying liabilities, his testimony would be insufficient to overturn the results of the examination as reflected in the Forms 4549 that he signed.

Resendez testified that he had conversations with petitioner in Spanish throughout the course of the examination, that he explained his findings and how they were derived, and that he explained petitioner's alternatives to signing the Forms 4549. Petitioner did not contradict Resendez's testimony.

Where the underlying liabilities are neither properly in issue nor successfully challenged, we review the determination of the Office of Appeals for abuse of discretion, to wit, we decide whether the determination was arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C. 301, 313, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). Petitioner has not shown that the

determination of his ability to pay is erroneous or that sustaining the lien filing was arbitrary, capricious, without sound basis in fact or law, or otherwise an abuse of discretion.  To the contrary, this is a case where the lien appears necessary to secure the interests of the Government.

For the foregoing reasons, the notice of determination will be sustained and

<u>Decision will be entered for</u>

<u>respondent</u>.