**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-72

UNITED STATES TAX COURT

DANNY ALLEN COKER, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26933-12S L.                    Filed July 16, 2014.

Danny Allen Coker, pro se.

<u>Horace Crump</u> and <u>Thomas Alan Friday</u>, for respondent.

SUMMARY OPINION

LAUBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pur-

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure (Rules).

suant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In this collection due process (CDP) case, petitioner seeks review pursuant to section 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold a notice of intent to levy. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his action in sustaining the proposed levy was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

Petitioner filed a Federal income tax return for 2010 late and failed to pay the full amount of tax shown as due on the return. The IRS subsequently assessed the tax against him. On May 28, 2012, in an effort to collect the assessed tax, the IRS sent petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. In his request, petitioner sought a collection alternative in the form of an installment agreement.

On August 3, 2012, a settlement officer (SO) from the IRS Appeals Office sent petitioner a letter informing him that his CDP hearing request had been received. On August 7, 2012, the SO sent petitioner a letter scheduling a

telephone CDP hearing for August 23, 2012. The SO informed petitioner that, in order for her to consider a collection alternative, he needed to provide her with a copy of a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting financial information.

Petitioner provided no documentation and proposed no collection alternative before the scheduled CDP hearing. He failed to participate in that hearing and did not request that it be rescheduled. The SO called petitioner and left a voice message asking that he call her back to reschedule the hearing. The SO then mailed petitioner a "last chance" letter requesting that he submit financial information if he wished the IRS to consider a collection alternative. Petitioner submitted no information and failed to contact the IRS regarding his case. Accordingly, on October 15, 2012, the IRS issued petitioner a notice of determination sustaining the proposed levy. Petitioner timely sought review in this Court.

In his petition, petitioner asserts that he "never received the letters requesting additional information." The SO sent three letters regarding the scheduling of the CDP conference to petitioner at a Blue Springs, Mississippi, address (Blue Springs address), which is the address that petitioner provided on his CDP hearing request. The SO also mailed the Notice of Determination to that address. The Court has the Blue Springs address in its files as petitioner's address.

On March 27, 2014, respondent filed a motion for summary judgment. The Court ordered petitioner to file a response to this motion by May 1, 2014. This order advised petitioner that "under Tax Court Rule 121(d), judgment may be entered against a party who fails to respond to a motion for summary judgment." Petitioner has responded neither to respondent's motion nor to the Court's order.

## Discussion

A.    Summary Judgment and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Rule 121(d) provides that where the moving party properly makes and supports a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but rather must set forth specific facts, by affidavits or otherwise, "showing that there is a genuine dispute for trial."

Where (as here) there is no dispute concerning the underlying tax liability, the Court reviews the IRS' determination for abuse of discretion. Goza v.

Commissioner, 114 T.C. 176, 182 (2000). An abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Because petitioner failed to respond to respondent's motion for summary judgment, the Court could enter a decision against him for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

B.     Analysis

The only question is whether the IRS properly sustained a levy to collect petitioner's liability. We review the record to determine whether: (1) the Appeals officer properly verified that the requirements of any applicable law or administrative procedure have been met; (2) any issues petitioner raised have merit; and (3) "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).

It is clear from our review of the record that the SO conducted a thorough review of transcripts of petitioner's account and verified that the requirements of

applicable law and administrative procedure were followed. The SO properly balanced the need for efficient collection of taxes with petitioner's legitimate concern that collection action be no more intrusive than necessary. Petitioner did not raise a valid challenge to the appropriateness of respondent's intended collection action. These issues are now deemed conceded. See Rule 331(b)(4).

Petitioner's request for a CDP hearing included a statement that he intended to propose an installment agreement. Section 6159 authorizes the IRS to enter into a written agreement allowing a taxpayer to pay a tax liability in installments if it concludes that the "agreement will facilitate full or partial collection of such liability." The decision to accept or reject installment agreements lies within the Commissioner's discretion. See Thompson v. Commissioner, 140 T.C. 173, 179 (2013) (citing Kuretski v. Commissioner, T.C. Memo. 2012-262, at *9, aff'd, __ F.3d __ (D.C. Cir. June 20, 2014)). As a threshold matter, it is not an abuse of discretion for the SO to decline to consider an installment agreement where the taxpayer does not place a specific proposal on the table. See McLaine v. Commissioner, 138 T.C. 228, 243 (2012); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005). Stated otherwise, it is the obligation of the taxpayer, not of the reviewing officer, to start negotiations regarding a collection alternative by making a specific proposal. Petitioner never made such a proposal.

Further, petitioner neglected to furnish Form 433-A and the underlying financial information requested by the SO. As a prerequisite for consideration of an installment agreement, it is incumbent on the taxpayer to provide requested financial information that will enable the IRS to make an informed evaluation of his ability to pay. See, e.g., secs. 6159, 7122; Kindred v. Commissioner, 454 F.3d 688, 697 (7th Cir. 2006); Olsen v. United States, 414 F.3d 144, 151 (1st Cir. 2005); Murphy v. Commissioner, 125 T.C. at 315. We have held that no abuse of discretion occurs when an SO is unable to consider collection alternatives because of a taxpayer's failure to provide financial information. See, e.g., Lance v. Commissioner, T.C. Memo. 2009-129; Schwersensky v. Commissioner, T.C. Memo. 2006-178. We likewise find no abuse of discretion here.

Petitioner argues that he failed to provide the requested financial information because he "never received the letters requesting additional information." The SO sent three separate letters to petitioner regarding the scheduling of the CDP conference and left, at a minimum, one voice message for him. These letters were addressed to petitioner at the Blue Springs address, which is the same address to which the SO mailed the Notice of Determination. It is clear that petitioner received the Notice of Determination because he attached a copy of it to his petition. He has provided no explanation--besides the general allegation in his

pleading--as to why he received that notice but none of the letters mailed to the same address shortly before. Contrary to our Rules, petitioner has "rest[ed] upon the mere allegations" of his pleading. See Rule 121(d). As we were presented with no contrary evidence, we find no genuine dispute as to any material fact on this point.

In any event, petitioner does not explain why he failed to return the SO's phone call. Regardless of whether petitioner received the letters (which we believe that he did), he was instructed to call the SO back by phone. Because petitioner failed to respond to the IRS motion for summary judgment, we are left without any specific facts showing that there is a genuine issue for trial on that, or any other, point. See Rule 121(d). We therefore find that petitioner was aware of his responsibility to provide financial information to the SO but neglected to do so. Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and affirm the proposed collection action. To reflect the foregoing,

An appropriate order and decision will be entered.