T.C. Memo. 2016-14

UNITED STATES TAX COURT

COLIN C. MCLEOD, JR., AND JUDITH A. MCLEOD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24037-14L.                    Filed January 28, 2016.

Colin C. McLeod, Jr., and Judith A. McLeod, pro sese.

<u>Amy B. Ulmer</u> and <u>Kimberly L. Clark</u>, for respondent.

MEMORANDUM OPINION

PUGH, <u>Judge</u>:  Petitioners (Mr. and Mrs. McLeod) while residing in

California, petitioned the Court for review of respondent's Notice of

Determination Concerning Collection Action(s) Under 6320 and/or 6330,[1]

---

[1] Unless otherwise indicated all section references are the Internal Revenue
Code of 1986, as amended and in effect at all relevant times.  Rule references are
(continued...)

**[\*2]** sustaining the notice of intent to levy with respect to their unpaid Federal income tax liabilities for the 2005 through 2012 tax years.  Currently, the case is before the Court on respondent's Motion for Summary Judgment under Rule 121(a).

Background

On January 2, 2014, respondent sent a Notice of Intent to Levy and Notice of Your Right to a Hearing to Mr. and Mrs. McLeod with respect to their unpaid tax liabilities for 2005 through 2012.  On February 7, 2014, respondent received Mr. and Mrs. McLeod's timely mailed Form 12153, Request for a Collection Due Process or Equivalent Hearing.  On Form 12153 under collection alternatives Mr. and Mrs. McLeod checked the boxes corresponding to "installment agreement", "offer in compromise", and "I cannot pay balance."  Mr. and Mrs. McLeod wrote on Form 12153 that "both * * * [of us are] suffering from mental illness and are disabled".

On April 7, 2014, Settlement Officer Cheryl Rieux (SO Rieux) sent a letter to Mr. and Mrs. McLeod and their attorney, Wayne R. Johnson, scheduling a telephonic administrative hearing for May 22, 2014, requesting that Mr. and Mrs.

---

[1](...continued)
to the Tax Court Rules of Practice and Procedure.

**[*3]** McLeod submit Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and Form 656, Offer in Compromise. Enclosed in the letter were the necessary forms with an addressed return envelope. Mr. and Mrs. McLeod appear to claim that they did not receive this information although their attorney, Mr. Johnson, did call SO Rieux on May 22, 2014, as scheduled by the letter from SO Rieux, to request that the telephonic administrative hearing be rescheduled. On June 27, 2014, SO Rieux sent a letter to Mr. and Mrs. McLeod and Mr. Johnson rescheduling the telephonic administrative hearing to July 8, 2014.

On July 8, 2014, SO Rieux held a telephonic hearing with Mr. McLeod during which she informed him that this was their levy hearing covering tax years 2005 through 2012. Mr. McLeod informed SO Rieux that Mr. Johnson was no longer Mr. and Mrs. McLeod's attorney, and SO Rieux explained how to revoke Mr. Johnson's power of attorney. SO Rieux requested that Mr. and Mrs. McLeod submit Form 433-A by July 22, 2014. SO Rieux asked whether Mr. McLeod had any questions, and he stated he did not.

On July 14, 2014, Mrs. McLeod left a voicemail for SO Rieux asking that SO Rieux send by overnight mail Form 433-A. On July 16, 2014, SO Rieux left a voicemail for Mr. and Mrs. McLeod asking them to call her back.

**[*4]** On August 6, 2014, SO Rieux spoke with Mr. and Mrs. McLeod regarding the requested financial information. Mrs. McLeod stated that they had gathered bank statements and that Mr. McLeod was ill and depressed. Mr. McLeod stated that he did not have Form 433-A. SO Rieux explained to Mr. McLeod how to find Form 433-A on the Internal Revenue Service (IRS) website and that the proposed collection action would be sustained without the requested Form 433-A. SO Rieux stated that the bank statements and Form 433-A had to be received by August 13, 2014; otherwise she would issue a determination sustaining the collection action. Mr. McLeod stated that he understood and that he did not have any questions.

In their response to respondent's Motion for Summary Judgment, Mr. and Mrs. McLeod claim that they sent all requested forms and information to SO Rieux but that the information must have been lost. The administrative record indicates that SO Rieux never received the requested financial information.

SO Rieux also reviewed the administrative file, verified that the tax for 2005 through 2012 had been properly assessed, and determined that all other requirements of applicable law and administrative procedure had been met. On September 10, 2014, respondent issued a notice of determination rejecting Mr. and Mrs. McLeod's collection alternative.

**[*5]**   Mr. and Mrs. McLeod did not otherwise dispute any of the material facts presented in SO Rieux's declaration or the administrative record.

On November 10, 2015, the Court received and filed Mr. and Mrs. McLeod's motion requesting a short continuance on account of their unavailability because of surgery scheduled for Mrs. McLeod.  Their motion also noted that a hearing was set on respondent's Motion for Summary Judgment to be followed by a trial if the motion was denied.  The Court attempted several times to schedule a conference call to discuss Mr. and Mrs. McLeod's motion but was unable to reach Mr. and Mrs. McLeod.  Counsel for respondent likewise attempted to reach them without success.  When the case was called on November 16, 2015, Mr. and Mrs. McLeod did not appear, but counsel for respondent did appear.  The Court set the case to be recalled on November 17, 2015, and directed counsel for respondent again to attempt to contact Mr. and Mrs. McLeod.  When the case was recalled on November 17, 2015, Mr. and Mrs. McLeod again did not appear.  Counsel for respondent appeared and advised the Court that Mr. and Mrs. McLeod had not responded to messages.  Because Mr. and Mrs. McLeod submitted a written response to respondent's Motion for Summary Judgment, we will decide respondent's motion on the papers submitted, without a hearing.

**[*6]**                                    Discussion

I. Summary Judgment

Rule 121(b) provides in part that after a motion for summary judgment and an opposing response are filed "[a] decision shall thereafter be rendered if the pleadings * * * and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

We have reviewed respondent's motion and the documents submitted in support thereof, and we have considered Mr. and Mrs. McLeod's response. We incorporate by reference the statement of facts included in the Declaration of Cheryl Rieux. We are satisfied that, viewing material facts in the light most favorable to Mr. and Mrs. McLeod, for the reasons summarized below, respondent is entitled to a decision sustaining the notice of intent to levy.

II. Analysis

Where the validity of the underlying tax liability is properly at issue, the Court reviews the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

[*7] The Court considers a taxpayer's challenge to the underlying liabilities in a collection action case only if the challenge is properly raised in the administrative hearing. See Giamelli v. Commissioner, 129 T.C. 107, 115-116 (2007); secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. In general, an issue is not properly raised at the administrative hearing if the taxpayer fails to request consideration of that issue by Appeals or if the taxpayer requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. See McRae v. Commissioner, T.C. Memo. 2015-132, at *8 (holding that the taxpayer failed to explicitly contest his underlying liability during the administrative hearing and failed to provide any evidence concerning his liability). In their petition Mr. and Mrs. McLeod dispute the underlying liabilities. Mr. and Mrs. McLeod failed to raise their underlying liabilities during their telephonic administrative hearing, however. Therefore, Mr. and Mrs. McLeod are precluded from challenging the underlying liabilities now.

In their petition and their response to respondent's Motion for Summary Judgment, Mr. and Mrs. McLeod also claim that they did not have an administrative hearing. A hearing by telephone or by correspondence is sufficient to satisfy the requirements under section 6330. Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); sec. 301.6330-1(d)(2), Q&A-D6 and, Q&A-D7, Proced. &

[*8] Admin. Regs. Mr. and Mrs. McLeod participated in telephone calls with SO Rieux on July 8 and August 6, 2014, and Mr. McLeod was advised on July 8, 2014, that the telephone conference constituted the hearing.

Where the underlying tax liability is not properly at issue, the Court reviews the IRS decision for abuse of discretion. Goza v. Commissioner, 114 T.C. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

At an administrative hearing a taxpayer is expected to provide relevant information requested by the settlement officer for her consideration of the facts and issues involved in the hearing. Sec. 301.6330-1(e)(1), Proced. & Admin. Regs. Mr. and Mrs. McLeod did not present any collection alternatives or the requested financial information. SO Rieux asked for Mr. and Mrs. McLeod's financial information on April 7, July 8, and August 6, 2014. In their response to respondent's Motion for Summary Judgment Mr. and Mrs. McLeod state: "Mrs. Rieux said that she would send a packet to [p]etitioners to fill out, but it was never received". SO Rieux included the forms with her April 7, 2014, letter initially scheduling the telephonic administrative hearing, and, in the telephonic administrative hearing on August 6, 2014, she explained how to find Form 433-A

**[\*9]** on the IRS website. She also explained that the information was necessary for her to consider a collection alternative. Mr. McLeod stated that he understood and that he did not have any questions. SO Rieux then waited until September 10, 2014, before issuing the notice of determination rejecting their collection alternative. Even assuming that Mr. and Mrs. McLeod never received the forms from SO Rieux, and that they in fact sent information in response that was lost in the mail, it is undisputed that SO Rieux followed up with them twice regarding the missing information and allowed additional time for the missing information to arrive before she issued the notice of determination.[2]

A settlement officer does not abuse her discretion when she declines to consider a collection alternative under these circumstances. See Huntress v. Commissioner, T.C. Memo. 2009-161 (holding no abuse of discretion in the settlement officer's rejection of collection alternatives where the taxpayer offered none, failed to provide financial information, and was not current with filing and payment obligations); Lance v. Commissioner, T.C. Memo. 2009-129 (holding no abuse when taxpayer fails to provide financial information); see sec. 301.6330-

_____

[2] Mr. and Mrs. McLeod did not offer any evidence to support their factual assertions. Because we find SO Rieux did not abuse her discretion even assuming these facts we need not decide whether these assertions are sufficient to put these facts in issue, however. See Powers v. Commissioner, T.C. Memo. 2015-210.

**[*10]** 1(d)(2), Q&A-D8, Proced. & Admin. Regs. A settlement officer's failure to follow up with the taxpayer regarding missing information might be considered an abuse of discretion, see Lewis v. Commissioner, T.C. Memo. 2012-138, but those are not the facts before us here.

We realize that the statutory requirements may seem harsh to taxpayers, such as Mr. and Mrs. McLeod, who suffer from health issues. However, our role in this proceeding is limited by the express provisions of section 6330 that govern a taxpayer's challenges to a collection action. See Rosenthal v. Commissioner, T.C. Memo. 2014-252 (holding that settlement officer did not abuse his discretion by rejecting the taxpayer's collection alternatives even though the taxpayer was suffering from mental illnesses). The administrative record here does not show that SO Rieux acted in a manner that was arbitrary, capricious, or without sound basis in fact or law. The administrative record shows that SO Rieux attempted to accommodate Mr. and Mrs. McLeod.

## Conclusion

On the basis of the administrative record and the notice of determination, and viewing the facts presented in the light most favorable to Mr. and Mrs. McLeod, we conclude that SO Rieux satisfied the requirements of section 6330,

**[\*11]** there is no genuine dispute as to any material fact, and a decision may be rendered as a matter of law.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.